**HOUSTON'S WILD WEST, INC., Appellant,**

v.

**Mary G. SALINAS, Appellee.**

**No. B14–84–604CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 7, 1985.

Rehearing Denied April 11, 1985.

William A. Short, Houston, for appellant.

Emmett Moore, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and DRAUGHN, JJ.

OPINION

DRAUGHN, Justice.

This appeal comes to us on a writ of error from a default judgment. Appellant, Houston's Wild West, Inc., alleges in two points of error that the trial court lacked *in personam* jurisdiction because of improper service of citation. Appellant therefore contends that the default judgment must be reversed. We affirm.

Appellee, Mary G. Salinas, instituted this lawsuit for damages arising from her claims of false imprisonment and malicious prosecution by the agents and employees of appellant. Through the Harris County Constable's office, appellee attempted personal service on appellant's registered agent at the registered address. However, this address turned out to be a post office box provided by a private postal box company. Since personal service could not be accomplished at this address, the Constable's office then attempted service by forwarding the citation through certified mail to the post office box. This attempt was also unsuccessful since the letter was returned without a signature.

Upon learning of these unsuccessful attempts, appellee obtained the permission of the trial court for substituted service on the Secretary of State pursuant to Tex.R. Civ.P. 106(b). The Secretary of State then attempted service through certified mail at the same registered address. The citation again was returned bearing the notation "Returned to Sender." Appellant contends that service on the Secretary of State was improper under Tex.R.Civ.P. 106 and under TEX.BUS.CORP.ACT ANN. art. 2.11 (Vernon 1980).

First, as to art. 2.11, *supra,* the relevant provisions are as follows:

A. The president and all vice presidents of the corporation and the registered agent of the corporation shall be agents of such corporation upon whom any process, notice, or demand required or permitted by law to be served upon the corporation may be served.

B. Whenever a corporation shall fail to appoint or maintain a registered agent in this State, *or whenever its registered agent cannot with reasonable diligence be found at the registered office,* then the Secretary of State shall be an agent of such corporation upon whom any such process, notice, or demand may be served. Service on the Secretary of State of any process, notice, or demand shall be made by delivering to and leaving with him . . . duplicate copies of such process, notice, or demand. In the event any such process, notice, or demand is served on the Secretary of State, he shall immediately cause one of the copies thereof to be forwarded by registered mail, addressed to the corporation at its registered office. . . . (emphasis added)

■ We hold that appellee fully complied with the requirements of art. 2.11 and that service through the Secretary of State was proper. The deputy constable who attempted service on the registered agent executed an affidavit wherein he described his efforts. After reading this affidavit, we conclude that appellee used reasonable diligence in attempting service on appellant's registered agent, completing all prerequisites of art. 2.11 before taking the final step of serving the Secretary of State.

■ Next, appellant questions the sufficiency of the deputy constable's affidavit under Tex.R.Civ.P. 106; however, we need not address the question of whether appellee sufficiently complied with this rule. Article 2.11 is an independent statute providing for service on domestic corporations through service on the Secretary of State after a reasonably diligent effort to serve the registered agent at the registered address. Appellant assumes that because appellee sought the court's permission for service on the Secretary of State according to Rule 106, appellee was then bound by all requirements of that rule, particularly the requirements concerning the affidavit. This assumption would be correct only if Rule 106 and art. 2.11 were interdependent methods of service. It is clear that they are not. Appellee's request of the trial court to serve the Secretary of State pursuant to Rule 106 was unnecessary; therefore, the sufficiency of the affidavit under Rule 106 is not dispositive. For purposes of art. 2.11, we find the affidavit sufficient to show a reasonably diligent effort to serve the registered agent under the circumstances of this case.

■ The Texas Business Corporation Act places a duty upon a corporation to maintain a registered agent and a registered office in this state. *Tankard-Smith, Inc. General Contractors v. Thursby,* 663 S.W.2d 473, 475 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.). One of the primary purposes of this duty is to enable aggrieved citizens to serve the corporation in a lawsuit. If a corporation elects to maintain a private postal box as its registered address in lieu of an actual location where the registered agent himself may be found, the corporation then assumes the risk of not receiving notices delivered.

■ In the instant case, it is unclear what else appellee reasonably could have done to serve the corporation. Appellant contends that appellee should *also* have attempted to serve the president or vice president of the corporation at the place of business where the alleged false imprisonment occurred. There is, however, no guarantee that appellee would have found the appropriate persons at this location. In any event, we conclude that there is no requirement under art. 2.11 that such an attempt be made. It is only necessary that a reasonably diligent effort to serve the corporation's registered agent be made before serving the Secretary of State. *TXXN, Inc. v. D/FW Steel Co.,* 632 S.W.2d 706, 708 (Tex.App.—Fort Worth 1982, no writ). The record further indicates that the Secretary of State subsequently mailed the citation to the address listed by the corporation as its registered office. We find that appellant was served in the manner required by TEX.BUS.CORP.ACT ANN. art. 2.11. *See Tankard-Smith,* 663 S.W.2d at 475–476. Therefore, since the trial court properly achieved *in personam*

jurisdiction over the corporation, appellant's two points of error are overruled.

We find no reversible error and affirm the default judgment.