John-Wm v. Madison 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-211-CV





JOHN-WILLIAM FINE FURNITURE AND INTERIORS, INC.,




 APPELLANT


vs.





DIANE LISA MADISON,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT



NO. 476,029-A, HONORABLE PAUL R. DAVIS, JR., JUDGE PRESIDING



 




 John-William Fine Furniture and Interiors, Inc. (John-William) brings this appeal by writ of error seeking review of a
default judgment rendered against it in favor of Diane Lisa
Madison, appellee. John-William argues that error, in the form of
improper service, is apparent on the face of the record and that
the default judgment must therefore be reversed. We will affirm
the trial court's judgment.

 A dispute arose between Madison and John-William over the
possession of an antique tapestry and the performance of various
interior design services. Ultimately, Madison sued John-William
for conversion of the tapestry and for breach of the contract to
provide design services.

 Madison first attempted to serve John-William's
registered agent at its registered office. According to the
officer's return on the citation, when a deputy sheriff went to the
address, the occupant told him that the person named as registered
agent had "lost the lease" in 1985. The deputy noted the time,
place, and manner of attempted service on the unexecuted return,
signed the return, and filed it. Madison then amended her petition
to allege that, after the exercise of reasonable diligence, service
could not be accomplished on the registered agent at the registered
office. She subsequently obtained service on John-William by
delivering the citation to the Secretary of State, who forwarded
one copy to the registered agent at the registered office by
certified mail, return receipt requested. The post office returned
the citation in an envelope bearing the notation, "Moved, not
forwardable." John-William contends this record shows Madison's
failure to strictly comply with the relevant provisions of the
Texas Business Corporation Act under which service was
accomplished. See Tex. Bus. Corp. Act art. 2.11(B) (1980). We
disagree.

 Article 2.11(B) permits substituted service on a domestic
corporation through the Secretary of State when the registered
agent for the corporation cannot, with reasonable diligence, be
found at the registered office. Substituted service is
accomplished by delivering duplicate copies of the citation to the
Secretary of State as the corporation's agent for service of
process, with the Secretary of State then forwarding one of the
copies to the corporation at its registered office by registered
mail. Without question, the record affirmatively demonstrates
strict compliance with article 2.11. The sole question is whether
Madison exercised reasonable diligence in attempting to serve John-William's registered agent at the registered office. If not, she
could not properly obtain substituted service on John-William
through the Secretary of State.

 John-William contends that, because Madison's petition
alleged the address of "a principal place of business" of John
Williams, but did not attempt service there, she failed to exercise
the reasonable diligence required by 2.11(B). This contention is
meritless. Article 2.11(B) provides that 



[w]henever a corporation shall fail to appoint or
maintain a registered agent in this State, or whenever
its registered agent cannot with reasonable diligence be
found at the registered office, then the Secretary of
State shall be an agent of such corporation upon whom any
such process, notice, or demand may be served.



Moreover, nothing in the record indicates that the registered agent
or any corporate officer could have been found at the John-William
place of business alleged in Madison's petition.

 On substantially similar facts and in the face of an
identical argument, the court upheld service in TXXN, Inc. v. D/FW
Steel Co., 632 S.W.2d 706 (Tex. App. 1982, no writ). The court
there noted that the inability to effect personal service on the
appellant's registered agent resulted not from the appellee's lack
of diligence, but from the appellant's failure to provide the
Secretary of State with the name of its current registered agent
and the address of its current registered office, as required by
the statute. See Tex. Bus. Corp. Act Ann. 2.09 (1980); see also
Advertising Displays, Inc. v. Cote, 732 S.W.2d 360 (Tex. App. 1987,
no writ); Houston's Wild West, Inc. v. Salinas, 690 S.W.2d 30 (Tex.
App. 1985, writ ref'd n.r.e.); Tankard-Smith, Inc. v. Thursby, 663
S.W.2d 473 (Tex. App. 1983, writ ref'd n.r.e.). We hold that the
record in the present case does not show that Madison failed to
exercise reasonable diligence in attempting to serve John-William's
registered agent at its registered office. We overrule John-William's first point of error.

 John-William complains in its third point that Madison's
pleadings do not support the judgment because the petition alleged
a breach of contract cause of action "only briefly," while the
judgment awarded damages for a total failure of performance. We
conclude that the pleadings and proof support the judgment
rendered. Madison asserted in her petition that John-William had
agreed to provide services that it had not provided. At the
hearing on damages, Madison testified she had paid John-William
$567.89 for the services and that John-William had neither provided
the services nor refunded her money. The trial court awarded
Madison $567.89 plus attorney's fees. We overrule John-William's
third point of error.

 John-William's second point of error rests entirely on
the alleged defect in service. Because we have concluded that
Madison has demonstrated strict compliance with article 2.11(B), we
need not address this point. See Tex. R. App. P. 90(a).

 We affirm the trial court's judgment.



 

 J. Woodfin Jones, Justice

[Before Chief Justice Carroll, Justices Jones and B.A. Smith]

Affirmed

Filed: June 12, 1991

[Do Not Publish]