# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00652-CV

**John L. Taylor, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. 01-258855, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

## O P I N I O N

The State of Texas sued John L. Taylor, appellant, for overdue payments on student loans for which Taylor served as guarantor. The State attempted to serve process on Taylor personally as authorized by Texas Rule of Civil Procedure 106(a), and when that failed it obtained a court order permitting substituted service as authorized by Texas Rule of Civil Procedure 106(b). Notwithstanding the order, the State continued trying to serve Taylor personally in accordance with Rule 106(a), and it eventually succeeded. Taylor did not file a responsive pleading, and the county court subsequently entered a default judgment against him. On restricted appeal, Taylor argues that personal service on him was forbidden once substituted service was authorized; that he is entitled to a new trial because there is no record of the hearing on his default judgment; and that the evidence supporting the default judgment is insufficient to establish liability. We will affirm the default judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

The State attempted to serve process on Taylor by certified mail. *See* Tex. R. Civ. P. 106(a)(2). When that failed, the State obtained a court order permitting substituted process. *See* Tex. R. Civ. P. 106(b). The order required that substituted process be served by (1) delivery of the citation and petition to someone over sixteen years of age at Taylor's address or (2) attachment of the citation and petition to Taylor's front door. The State nevertheless continued attempting to serve Taylor by certified mail, and it eventually succeeded.

Taylor did not file an answer to the State's petition, and the State moved for default judgment. After a hearing on the State's motion, which Taylor did not attend, the county court entered default judgment against Taylor. The court based the amount of the judgment on (1) the written records attached to the State's petition, which included copies of the promissory notes at issue and a document summarizing the notes' payment history, and (2) an affidavit by the State's custodian of records summarizing the amounts due.

Taylor later filed this restricted appeal to contest the judgment. In five points of error, he argues that personal service on him was forbidden once substituted service was authorized; that he is entitled to a new trial because there is no record of the hearing on the State's motion for default judgment; and that the evidence supporting the default judgment is insufficient to establish liability.

## STANDARD OF REVIEW

On restricted appeal, we will reverse a default judgment if error appears on the face of the record. *See Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). "The face of

2

the record for purposes of a restricted appeal consists of all the papers on file before the judgment as well as the reporter's record." *Conseco Fin. Servicing Corp. v. Klein Indep. Sch. Dist.*, 78 S.W.3d 666, 670 (Tex. App.—Houston [14th Dist.] 2002, no pet.).

## DISCUSSION

### *Service of Process*

Taylor argues that once the county court issued an order authorizing substituted service of process, the State could only serve process on him in the manner the order specified. Thus, he argues, service in accordance with Texas Rule of Civil Procedure 106(a)(2) rather than in accordance with the order was improper.

Taylor is correct that when substituted service occurs, it must strictly comply with the order authorizing it. *See Becker v. Russell*, 765 S.W.2d 899, 900 (Tex. App.—Austin 1989, no writ). But the broader rule that Taylor proposes—personal service is prohibited once substituted service is authorized—would undermine the policies behind Texas's service-of-process rules.

Because of its greater reliability, "Texas law prefers personal service over substitute service." *Vespa v. National Health Ins. Co.*, 98 S.W.3d 749, 751 (Tex. App.—Fort Worth 2003, no pet.); *accord Mylonas v. Texas Commerce Bank-Westwood*, 678 S.W.2d 519, 522 (Tex. App.—Houston [14th Dist.] 1984, no writ) ("substituted service is not the preferred method"). For reasons of practicality, however, Texas allows substituted service, but only after personal service fails. *See State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 298-99 (Tex. 1993) (per curiam).[1]

---

[1] Service by certified mail, which is how the State served Taylor, qualifies as personal service. *See* Tex. R. Civ. P. 106(a)(2); *Devine v. Duree*, 616 S.W.2d 439, 441 (Tex. Civ. App.—Fort Worth 1981, writ dism'd by agr.).

The reason substituted service must strictly comply with the order authorizing it is that the order "is the sole basis of authority authorizing substituted service." *Vespa*, 98 S.W.3d at 752. But if service is made in compliance with Rule of Civil Procedure 106(a), as it was in this case, then the Rule provides an independent basis of authority for service. That, in turn, obviates the need for strict compliance with the order authorizing substituted service. *Cf. Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990) (jurisdiction can attach if citation is "issued and served in a manner provided for by law").

Put another way, personal service is explicitly sanctioned by Rule 106(a). Use of an additional method of service under Rule 106(b) does not serve to void the existence and availability of personal service under Rule 106(a). Nothing in the language of the Rule suggests as much, and we decline to read such an illogical approach into the Rule. Thus, we overrule Taylor's first issue.

### Record of Default Judgment Hearing

Taylor next argues that he is entitled to a new trial because no record was made of the hearing on the State's motion for default judgment. In support of this argument, Taylor cites *Smith v. Smith*, 544 S.W.2d 121 (Tex. 1976), in which the Texas Supreme Court granted a new trial where no record was made of a hearing on a motion for default judgment.

The *Smith* hearing concerned divorce and child custody. *See id*. at 122. The hearing at issue here, by contrast, concerned the amount owed on promissory notes, which is a liquidated claim. *See First Nat'l Bank v. Shockley*, 663 S.W.2d 685, 688 (Tex. App.—Corpus Christi 1983, no writ) ("A liquidated claim is one that 'can be accurately calculated by the court, or under its direction, from the allegations contained in plaintiff's petition in the instrument in writing.'")

4

(quoting *Freeman v. Leasing Assocs., Inc.*, 503 S.W.2d 406, 408 (Tex. Civ. App.—Houston [14th Dist.] 1973, no writ)). When default judgment is entered on a liquidated claim, "the rules of the procedure contemplate that the plaintiff be awarded the damages without the necessity of a hearing or the presentation of evidence." *Id*. at 688-89. *See also* Tex. R. Civ. P. 241 ("When a judgment by default is rendered against the defendant, or all of several defendants, if the claim is liquidated and proved by an instrument in writing, the damages shall be assessed by the court."). In such circumstances, no reporter's record is required. *See Whitaker v. Rose*, 218 S.W.3d 216, 220-21 (Tex. App.—Houston [14th Dist.] 2007, no pet.) ("[T]he lack of a reporter's record in an appeal from a no-answer default judgment does not constitute error on the face of the record."); *Hahn v. Whiting Petroleum Corp.*, 171 S.W.3d 307, 322 (Tex. App.—Corpus Christi 2005, no pet.) (Castillo, J., dissenting) (where written records supporting default judgment are contained in clerk's record, lack of reporter's record not reversible error); *Barganier v. Saddlebrook Apts.*, 104 S.W.3d 171, 175 (Tex. App.—Waco 2003, no pet.) (Vance, J., concurring) (same). Thus, we overrule Taylor's second issue.

### *Sufficiency of Proof*

Taylor's final three points of error concern the written evidence submitted by the State. Taylor argues that the evidence is insufficient to support the judgment because (1) his signature is not clear on one of the promissory notes, (2) the promissory notes do not prove that the loans were ever actually disbursed, and (3) the State's payment history document shows that some interest was paid on the loans, but the judgment does not clearly provide an offset for those payments.

5

We believe that Taylor has waived these arguments, because each of them is exceedingly brief (between one and three sentences long) and cites no authority. Brief, conclusory statements, unsupported by legal citations, are insufficient to sustain an appellant's complaint. *Sweed v. City of El Paso*, 194 S.W.3d 684, 686 (Tex. App.—El Paso 2006, no pet.). *See also* Tex. R. App. P. 38.1(i) (appellant's brief "must contain a clear and concise argument for the contentions made, *with appropriate citations to authorities* and to the record") (emphasis added); *Harris County Mun. Util. Dist. No. 48 v. Mitchell*, 915 S.W.2d 859, 866 (Tex. App.—Houston [1st Dist.] 1995, writ denied) ("Although appellate courts generally construe the briefing rules liberally, points of error unsupported by the citation of authority present nothing for the court to review."). But even if Taylor has not waived these arguments, they fail on their merits.

Taylor has not properly denied that he executed the promissory notes at issue. To deny the execution of a written instrument on which a pleading is founded, a defendant must file a verified answer. *See* Tex. R. Civ. P. 93(7); *Wheeler v. Security State Bank, N.A.*, 159 S.W.3d 754, 756-57 (Tex. App.—Texarkana 2005, no pet.) (promissory notes came into evidence as fully proved where defendant denied authenticity of signatures on them but did not file verified answer). Taylor did not do so here. In fact, he does not even deny that he signed the promissory notes; he simply alleges that the signature on one of them is "blank or illegible." Moreover, the State's custodian of records filed a sworn affidavit stating that Taylor signed the notes. That affidavit was properly received in evidence. *See Whitaker*, 218 S.W.3d at 220-21. The same affidavit confirms that the State did in fact disburse the loan proceeds. And finally, the State's payment history document, which was also properly received in evidence, confirms that Taylor received credit for interest paid on the loans. Thus, we overrule Taylor's third, fourth, and fifth points of error.

## CONCLUSION

For the reasons stated above, we affirm the trial court's judgment.

_____

David Puryear, Justice

Before Chief Justice Jones, Justices Puryear and Henson

Affirmed

Filed:   August 12, 2009