Reversed and Remanded and Memorandum Opinion filed December
15, 2009. 



 



In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-08-00840-CV



 

Santex Builders, LLC and
Curtis R. Medlin, Appellants

V.

Guefen Construction, LLC, Appellee

 



On Appeal from the 165th
District Court

Harris County, Texas

Trial Court Cause No. 2008-26113



 

MEMORANDUM  OPINION

 

Santex Builders, LLC (“Santex”) and Curtis R. Medlin
appeal the trial court’s final default judgment in favor of Guefen
Construction, LLC (“Guefen”) and the trial court’s order denying their motion
to set aside default judgment and alternative motion for new trial.  Because we
conclude service of process was defective, we reverse and remand.

Background

Guefen was awarded a contract to construct the
Presidio Apartments in San Antonio, Texas, and signed a subcontract with Santex
for Santex to perform grading and asphalt-paving work on the project.  Curtis
R. Medlin, Santex’s operations manager, signed the contract on behalf of
Santex.  Three months later, Guefen filed an original petition against Santex
and Medlin alleging fraud and breach of contract.

At issue in this case is service of process.  The
citation for Santex is addressed to “Santex Builders LLC (Texas Limited
Liability Corporation) by serving its registered agent Roberts W Tharp Jr
wherever he may be found or 18160 US Highway 281N Suite 108-314” in San
Antonio.  The officer’s return for certified mail states that it was executed
at the address by mailing to Santex Builders; by serving registered agent
Robert W. Tharp Jr.; and by delivering to Daniel G. Ortiz by certified mail
with delivery restricted to addressee only.  The certified mail receipt shows
that Daniel G. Ortiz signed for the delivery on May 7, 2008.  The box for
restricted delivery is not checked; neither is the box “Agent” or “Addressee.” 
The citation for Medlin is to “Medlin, Curtis R wherever he may be found or 18160
San Pedro Avenue Suite 108-314” in San Antonio.  The officer’s return for
certified mail and the certified mail receipt show the mail was delivered to
and signed by Daniel G. Ortiz.  As with the certified mail receipt for Santex,
the box for restricted delivery is not checked and neither is the box “Agent”
or “Addressee.”  

Guefen moved for final default judgment against
Santex and Medlin.  The trial court granted the motion, finding that Santex and
Medlin properly were served and failed to answer or otherwise appear.  The
court awarded actual damages in the amount of $815,207.71, pre-judgment
interest in the amount of $5,226.26, attorneys’ fees against Santex in the
amount of $9,650 plus conditional attorneys’ fees in the event of appeal to the
court of appeals and Texas Supreme Court, costs, and post-judgment interest. 
Santex and Medlin filed a motion to set aside the default judgment and
alternative motion for new trial, arguing the default judgment was void for
improper service of process or, alternatively, on equitable grounds set forth
in Craddock v. Sunshine Bus Lines, 134 Tex. 388, 133 S.W.2d 124 (1939). 
Attached to the motion were affidavits from Tharp and Medlin stating that (1)
they found out about the lawsuit from a general contractor when the general
contractor was served with a writ of garnishment; (2) the service filed by
Guefen was delivered to an old address; (3) the mailbox at the old address was
paid for until April 30, 2008, when it was cancelled and any mail was returned
as undelivered; and (4) they do not know Daniel Ortiz.  The trial court denied
the motion.    

Analysis

In its first issue, Santex[1]
contends the trial court erred in denying its motion to set aside the no-answer
default judgment because the service of citation was defective.  Specifically,
Santex argues that the return receipts were signed by someone other than the
addressees as required by Texas Rule of Civil Procedure 107.  In its second
issue, Santex contends the trial court erred in denying the motion for new trial
because Santex satisfied the Craddock elements.  See Craddock,
134 Tex. 388, 133 S.W.2d at 126 (requiring new trial if defendant shows (1)
default was neither intentional nor the result of conscious indifference, (2)
meritorious defense, and (3) new trial would cause neither delay nor undue
prejudice).  

A trial court’s decision to overrule a new trial
motion is subject to review for abuse of discretion.  In re R.R., 209
S.W.3d 112, 114 (Tex. 2006) (per curiam).  Santex is appealing after it
filed a “Motion to Set Aside Default Judgment and Alternative Motion for New
Trial,” which was denied.  When a default judgment is attacked by a motion for
new trial or bill of review,[2]
the “parties may introduce affidavits, depositions, testimony, and exhibits to
explain what happened.”  Fid. & Guar. Ins. Co. v. Drewery Constr. Co.,
186 S.W.3d 571, 573-74 (Tex. 2006).  This allows the parties, in the trial
court, to address the critical question in a default judgment:  “Why did the
defendant not appear?”  Id. at 574.  If the answer is “Because I didn’t
get the suit papers,” the default judgment generally must be set aside, except
when nonreceipt is uncorroborated or it was a bill-of-review claimant’s fault.  Id. 
If the defendant received the suit papers, the inquiry continues to the Craddock
elements.  Id.  

Here, Santex contends that service of process was
defective.  A trial court’s jurisdiction is dependent upon citation issued and
served in a manner provided for by law.  Wilson v. Dunn, 800 S.W.2d 833,
836 (Tex. 1990).  Unless the record affirmatively shows an appearance by the
defendant, proper service of citation, or a written waiver of service at the
time the default judgment is entered, a trial court does not have in personam
jurisdiction to enter the default judgment.  See id. at 837.  A default
judgment is improper against a defendant who has not been served in strict
compliance with the law.  Id.  

Under Texas Rule of Civil Procedure 106, “[u]nless
the citation or an order of the court otherwise directs, the citation shall be
served . . . by mailing to the defendant by . . . certified mail, return
receipt requested, a true copy of the citation with a copy of the petition
attached thereto.”  Tex. R. Civ. P. 106(a)(2).  Rule 107 states that “[w]hen
the citation was served by . . . certified mail as authorized by Rule 106, the
return by the officer . . . must also contain the return receipt with the
addressee’s signature.”  Tex. R. Civ. P. 107.  If the return receipt is not
signed by the addressee, the service of process is defective.  See Sw. Sec.
Servs., Inc. v. Gamboa, 172 S.W.3d 90, 93 (Tex. App.—El Paso 2005, no pet.)
(service defective when return receipt signed by someone other than addressee);
Ramirez v. Consol. HGM Corp., 124 S.W.3d 914, 916 (Tex. App.—Amarillo 2004,
no pet.) (same); All Commercial Floors, Inc. v. Barton & Rasor, 97
S.W.3d 723, 727 (Tex. App.—Fort Worth 2003, no pet.) (same); Keeton v.
Carrasco, 53 S.W.3d 13, 19 (Tex. App.—San Antonio 2001, pet. denied)
(same); Webb v. Oberkampf Supply of Lubbock, Inc., 831 S.W.2d 61, 64
(Tex. App.—Amarillo 1992, no writ) (same); Am. Universal Ins. Co. v.
D.B.&B., Inc., 725 S.W.2d 764, 765-67 (Tex. App.—Corpus Christi 1987,
writ ref’d n.r.e.) (same); Pharmakinetics Lab., Inc. v. Katz, 717 S.W.2d
704, 706 (Tex. App.—San Antonio 1986, no writ) (same).              

The officer’s returns for certified mail and the
return receipts reflect the addressee for Santex was Santex Builders by serving
registered agent Robert W. Tharp Jr.; the addressee was Curtis R. Medlin for
Medlin.  The officer’s returns for certified mail and the return receipts show
Daniel G. Ortiz signed for both Santex Builders and Medlin.  Daniel Ortiz was
not the addressee; therefore, the service of process was defective.  

Guefen contends Santex made Daniel Ortiz a de facto
agent when Santex selected a postal facility as its registered address.[3] 
Under article 2.09 of the Texas Business Corporations Act, a corporation shall
have and continuously maintain in this state a registered office and a
registered agent.  Tex. Bus. Corp. Act Ann. art. 2.09, § A(1)-(2) (Vernon Supp.
2009).  A corporation may appoint an individual resident, domestic corporation,
or other qualified entity as a registered agent.  See id. art. 2.09, §
A(2).  However, Santex did not appoint the postal facility as its registered
agent; it appointed Robert W. Tharp, Jr. as its registered agent.  Guefen’s
original petition acknowledges Tharp as Santex’s agent.

Guefen also relies on this court’s opinion in Houston’s
Wild W., Inc. v. Salinas,  690 S.W.2d 30, 32 (Tex. App.—Houston [14th
Dist.] 1985, writ ref’d n.r.e.).  Guefen cites Salinas for the
proposition that a corporation assumes the risk of not receiving notices when
it elects to maintain a private postal box as its registered address in lieu of
an actual location where the registered agent himself may be found.  In Salinas,
Salinas attempted personal service and service by certified mail to a
post-office box.  Id. at 31.  When her attempts failed, she obtained
permission from the trial court for substituted service on the Secretary of
State.  Id.  Article 2.11 of the Texas Business Corporations Act states:

Whenever a
corporation shall fail to appoint or maintain a registered agent in this State,
or whenever its registered agent cannot with reasonable diligence be found at
the registered office, then the Secretary of State shall be an agent of such
corporation upon whom any such process, notice, or demand may be served.

 

Tex. Bus. Corp. Act art. 2.11,
§ B (Vernon Supp. 2009).  The Secretary of State then forwards the process,
notice, or demand by registered mail to the corporation’s registered office.  Id. 
The court held that Salinas complied with article 2.11 and service through the
Secretary of State was proper.  Id. at 32.  The corporation assumed the
risk of not receiving notices after proper service on the Secretary of State.  See
id. at 32.

In this case, Guefen did not seek substituted service
on the Secretary of State pursuant to article 2.11.  Nor did Guefen seek
substituted service under Texas Rule of Civil Procedure 106.  See Tex.
R. Civ. Proc. 106(b) (upon motion supported by affidavit, the court may
authorize service in another manner).  Therefore, the reasoning in Salinas
does not apply here.  Guefen’s contention that Santex assumed the risk of not
receiving notice because it failed to update its address with the Secretary of
State also is without merit.  Again, the cases cited by Guefen involve proper
service on the Secretary of State first, which Guefen did not accomplish here. 
See Campus Invs., Inc. v. Cullever, 144 S.W.3d 464, 465-66 (Tex. 2004)
(holding service on Secretary of State proper; Campus could not complain about
not receiving forward from Secretary of State after proper service because it
did not update address); Tankard-Smith, Inc. Gen. Contractors v. Thursby,
663 S.W.2d 473, 475-76 (Tex. App.—Houston [14th Dist.] 1983, writ ref’d n.r.e.)
(same).         

Guefen contends that Santex cannot complain about
defective service because Guefen attempted to mail the motion for default
judgment and notice of hearing to Santex’s new address, but the documents were
returned unclaimed after multiple delivery attempts.  Guefen also cites
nonworking fax and phone numbers.  The Texas Supreme Court has held that a “default
judgment is improper against a defendant who has not been served in strict
compliance with law, even if he had actual knowledge of the lawsuit.”  Wilson,
800 S.W.2d at 837.  Therefore, even if Santex received Guefen’s motion for
default judgment and notice of hearing, actual notice, without proper service,
is not sufficient to confer jurisdiction on the trial court.  Id. at
836.

We sustain Santex’s first issue.  Service on Santex
and Medlin was defective under Rule 107 and the default judgment cannot stand. 
Having disposed of the first issue, we need not address whether the trial court
abused its discretion by denying the motion for new trial under the Craddock
elements.  Marrot Commc’ns, Inc. v. Town & Country P’ship, 227
S.W.3d 372, 379 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (holding
service was defective, and therefore, not addressing alternative issue of error
under Craddock).

Conclusion

We reverse the judgment of the trial court and remand
the cause for proceedings consistent with this opinion.

                                                            /s/        William
J. Boyce

                                                                                    Justice

 

Panel consists of Justices Anderson, Seymore, and
Boyce.

 








                                                                                    

 









[1]
The notice of appeal was filed by Santex Builders, LLC and Curtis R. Medlin. 
In their briefs, the parties refer to Santex Builders, LLC and Medlin
collectively as “Santex.” 





[2]
“A bill of review is an equitable proceeding brought by a party seeking to set
aside a prior judgment that is no longer subject to challenge by a motion for
new trial or appeal.”  Caldwell v. Barnes, 154 S.W.3d 93, 96 (Tex.
2004).  





[3]
Guefen refers to Santex Builders and Medlin collectively as “Santex” and does
not differentiate between the two when making its arguments about service of
process.  The articles in the Texas Business Corporation Act referenced by
Guefen relate only to service upon a corporation through a registered agent.  See
Tex. Bus. Corp. Act Ann. arts. 2.09, 2.11 (Vernon Supp. 2009) (dealing with a corporation’s
registered office and registered agent and with service of process on a
corporation, respectively).  Guefen does not explain how these means of service
would apply to Medlin as an individual, nor does it address other means of
service applicable to individuals.