**Opinion issued August 3, 2023**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-22-00621-CV**

————————————

**DANSK EXPRESS, LLC, A/K/A DANSKE EXPRESS, LLC, Appellant**

**V.**

**IPFS CORPORATION, Appellee**

**On Appeal from the County Civil Court at Law No. 3**
**Harris County, Texas**
**Trial Court Case No. 1175867**

## MEMORANDUM OPINION

This is a restricted appeal in a suit on a note. Appellee IPFS Corporation sued appellant Dansk Express, LLC, also known as Danske Express, LLC, for breach of contract. The trial court rendered a no-answer default judgment against Dansk.

Dansk now appeals. In two issues, Dansk contends that the trial court erred in rendering judgment against it because IPFS did not properly serve Dansk with the lawsuit and failed to ensure that a reporter's record was made of any proceedings.

Because we do not find error on the face of the record, we affirm.

## Background

In December 2019, Dansk financed a commercial auto insurance policy through a Premium Finance Agreement ("Agreement") with IPFS. Pursuant to the Agreement, IPFS paid the annual premium of $196,650.24 to the insurer, and Dansk agreed to pay IPFS in 10 monthly installments of $20,482.00. The Agreement listed the insured as: "Jarrett Justice ["Justice"], Danske Express LLC, 278 Park Road, Glendale, TX 75862." And Justice executed the Agreement on behalf of Dansk.

In September 2021, IPFS sued Dansk, asserting that Dansk had failed to pay as agreed and that its breach of the Agreement had caused IPFS to incur damages of $26,595.88. In its petition, IPFS directed that Dansk be served through its "Registered Agent, Jarrett B. Justice, at the registered address: 8211 Shoregrove, Humble, Texas 77346" (the "Shoregrove address").

The process server's affidavit was filed with the trial court. In her October 20, 2021 "Affidavit of Due Diligence" ("Affidavit"), the process server stated that she attempted to deliver the citation to Justice at the Shoregrove address on October 18, 19, and 20, 2021—but was unsuccessful. On October 20, 2021, the process

server returned the citation unexecuted and recommended service upon the Texas Secretary of State ("SOS").

On November 10, 2021, IPFS filed an amended petition, asserting that, because Dansk's registered agent could not "with reasonable diligence be found at the registered office," service through the SOS was authorized under section 5.251 of the Texas Business Organizations Code.[1]  IPFS directed that Dansk be served by delivering the citation to the SOS for service on Dansk "at the most recent address on file with the [SOS]," which it identified as the Shoregrove address.  IPFS attached the process server's Affidavit to its amended petition.

On February 23, 2022, IPFS filed the SOS's Whitney Certificate, discussed below.  In the Certificate, the SOS certified that it had received a copy of the citation and IPFS's amended petition, that it forwarded these by certified mail to Dansk at the Shoregrove address, and that "[t]he Process was returned to this office on January 31, 2022, [b]earing the notation Return to Sender, Unable to Forward."

Dansk did not file an answer.

On March 9, 2022, IPFS moved for a default judgment, asserting that Dansk had been duly served and failed to appear.  IPFS filed a "Certificate of Last Known Address," listing the Shoregrove address.  IPFS sought damages in the amount of $26,595.88 and attorney's fees.  It directed the trial court to the exhibits attached to

---

[1]     *See* TEX. BUS. ORGS. CODE § 5.251.

its amended petition, including copies of the Agreement and Dansk's Customer Account and Transaction History, which it "incorporated [t]herein by reference as though fully recited." IPFS also attached an affidavit in support of its attorney's fees.

On March 11, 2022, the trial court signed a Final Default Judgment. It found that Dansk, although duly served with process, had failed to file an answer and that the return had been on file for at least 10 days. It also found that Dansk was in default on the Agreement and that the damages were liquidated. The trial court awarded IPFS $26,595.88 in damages and $8,865.00 in attorney's fees.

**Restricted Appeal**

Texas Rule of Appellate Procedure 30 states in pertinent part:

> A party who did not participate—either in person or through counsel—in the hearing that resulted in the judgment complained of and who did not timely file a postjudgment motion or request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by Rule 26.1(a), may file a notice of appeal within the time permitted by Rule 26.1(c).

TEX. R. APP. P. 30. Rule 26.1(c) then provides that "in a restricted appeal, the notice of appeal must be filed within six months after the judgment or order is signed." *Id.* 26.1(c).

Accordingly, to prevail in this restricted appeal, Dansk must show that: (1) it filed a notice of restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying suit; (3) it did not participate in the hearing that

resulted in the complained-of judgment and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014).

The first three requirements "are jurisdictional." *Ex parte E.H.*, 602 S.W.3d 486, 497 (Tex. 2020); *see, e.g.*, *In re S.W.*, 614 S.W.3d 311, 315–16 (Tex. App.— Fort Worth 2020, no pet.) (dismissing Father's restricted appeal based on failure to establish second requirement). The fourth requirement, which is derived from case law, goes to the merits of the appeal and is not jurisdictional. *Ex parte E.H.*, 602 S.W.3d at 495, 497; *see, e.g.*, *In re S.W.*, 614 S.W.3d at 315–16 (affirming trial court's judgment in Mother's restricted appeal based on fourth requirement).

In our review, we "liberally construe the non-participation requirement for restricted appeals in favor of the right to appeal." *Grant*, 447 S.W.3d at 886. And in determining whether error is apparent on the face of the record, we must consider the evidence that was before the trial court at the time that it rendered its final judgment. *See In re S.W.*, 614 S.W.3d at 315.

### Discussion

Here, the record shows that Dansk was a party to IPFS's lawsuit. *See Grant*, 447 S.W.3d at 886. In addition, the record shows that the trial court signed its judgment on March 11, 2022, and that Dansk filed its notice of appeal on August 24,

2022.  Thus, Dansk filed its notice of appeal within six months after the date the judgment was signed. *See id.*; *see also* TEX. R. APP. P. 26.1(c), 30.

The record further shows that Dansk did not participate "in the hearing that resulted in the judgment complained of," as the record does not reflect that a hearing took place. *See* TEX. R. APP. P. 30 (authorizing restricted appeal when party "did not participate—either in person or through counsel—in the hearing that resulted in the judgment complained of"); *Schamp v. Mitchell*, No. 04-14-00741-CV, 2015 WL 4478150, at *2 (Tex. App.—San Antonio July 22, 2015, no pet.) (mem. op.).  The trial court's judgment recites that it "considered the pleadings, official records, and evidence on file."  And there are no notices of submission or setting and no settings listed on the trial court's docket sheet. *See Schamp*, 2015 WL 4478150, at *2.

The record additionally reflects that Dansk did not timely file any post-judgment motions or requests for findings of fact and conclusions of law. *See* TEX. R. APP. P. 30; *Grant*, 447 S.W.3d at 886; *Schamp*, 2015 WL 4478150, at *2.

Accordingly, we conclude that the first three requirements for a restricted appeal are established and that we have jurisdiction to hear Dansk's restricted appeal. *See Ex parte E.H.*, 602 S.W.3d at 497 (holding first three requirements are jurisdictional); *see, e.g.*, *Maan v. First ATM, Inc.*, No. 03-06-00698-CV, 2008 WL 5210923, at *4 (Tex. App.—Austin Dec. 12, 2008, no pet.) (mem. op.) (concluding that jurisdiction to consider restricted appeal was established and turning to merits).

Next, we consider the fourth requirement—whether error is apparent on the face of the record. *See Grant*, 447 S.W.3d at 886. This requires us to analyze the merits of Dansk's grounds for appeal. *See Ex parte E.H.*, 602 S.W.3d at 497.

### *Service of Process*

In its first issue, Dansk asserts that the trial court erred in rendering a default judgment against it because the record shows that IPFS failed to properly serve Dansk in strict compliance with the applicable rules. Dansk asserts: "According to the Texas Business Organizations Code [section 5.251], [IPFS] does not get to serve [Dansk] through the [SOS] all the while alleging and affirming the existence of [Dansk's] registered agent, Jarrett B. Justice." *See* TEX. BUS. ORGS. CODE § 5.251.

A court obtains jurisdiction over a defendant through valid service of process or through the defendant's appearance. *Mapco, Inc. v. Carter*, 817 S.W.2d 686, 687 (Tex. 1991) (citing TEX. R. CIV. P. 124) ("In no case shall judgment be rendered against any defendant unless upon service, or acceptance or waiver of process, or upon an appearance."); *Velasco v. Ayala*, 312 S.W.3d 783, 797 (Tex. App.—Houston [1st Dist.] 2009, no pet.) ("Personal jurisdiction is comprised of two elements: (1) the defendant must be amenable to the jurisdiction of the court and (2) the plaintiff must validly invoke that jurisdiction by valid service of process on the defendant."). And where a court rendering judgment has no jurisdiction over the parties, that judgment is void. *In re D.S.*, 602 S.W.3d 504, 512 (Tex. 2020).

In reviewing a no-answer default judgment in a restricted appeal, we do not presume valid issuance, service, and return of citation. *Hubicki v. Festina*, 226 S.W.3d 405, 407 (Tex. 2007). A no-answer default judgment cannot stand unless the record shows strict compliance with the rules of procedure governing issuance, service, and return of citation. *Id.* at 408. A record that fails to affirmatively show proper service of process constitutes error apparent on the face of the record. *See GMR Gymnastics Sales, Inc. v. Walz*, 117 S.W.3d 57, 60 (Tex. App.—Fort Worth 2003, pet. denied). "Whether service strictly complies with the rules is a question of law which we review de novo." *Martell v. Tex. Concrete Enter. Readymix, Inc.*, 595 S.W.3d 279, 282 (Tex. App.—Houston [14th Dist.] 2020, no pet.).

Section 5.251 of the Texas Business Organizations Code, governing substituted service of process through the SOS, provides that the SOS "is an agent of an entity for purposes of service of process, notice, or demand on the entity" if:

    (1)    the entity is a filing entity . . . and:
        (A)    the entity fails to appoint or does not maintain a registered agent in this state; or
        (B)    the registered agent of the entity cannot with reasonable diligence be found at the registered office of the entity[.]

TEX. BUS. ORGS. CODE § 5.251.

A "filing entity" includes a "domestic entity that is a . . . limited liability company." *Id*. § 1.002(22). Here, Dansk is a domestic limited liability company. The Business Organizations Code requires that each such filing entity "shall

designate and continuously maintain in this state: (1) a registered agent; and (2) a registered office." *Id.* § 5.201(a). "The designation or appointment of a person as registered agent by an organizer or managerial official of an entity in a registered agent filing is an affirmation by the organizer or managerial official that the person named as registered agent has consented to serve in that capacity." *Id.* § 5.2011(a).

Diligence is determined by whether the plaintiff acted as an ordinarily prudent person would under the same or similar circumstance. *Proulx v. Wells*, 235 S.W.3d 213, 216 (Tex. 2007). Generally, the question of the plaintiff's diligence in effecting service is one of fact and is determined by examining the type of effort or lack of effort the plaintiff expended in procuring service. *See id.* This Court has held that "[a]t least one attempt to serve the registered agent must be made before resorting to substituted service." *J&J Container Mfg., Inc. v. Cintas-R. U.S., L.P.*, No. 01-14-00933-CV, 2015 WL 5829667, at *4 (Tex. App.—Houston [1st Dist.] Oct. 6, 2015, no pet.) (mem. op.). And "reasonable diligence" under section 5.251 may be shown by a single attempt to serve the registered agent at the registered address if further attempts would be futile. *Ingram Indus., Inc. v. U.S. Bolt Mfg., Inc.*, 121 S.W.3d 31, 34–35 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

When a defendant's registered agent cannot be served after reasonable diligence, the SOS becomes "an agent of [the defendant] entity for purposes of service of process, notice, or demand on the entity." *See* TEX. BUS. ORGS. CODE

§ 5.251. "When substituted service on a statutory agent is allowed, the designee is not an agent for *serving* but for *receiving* process on the defendant's behalf." *Campus Invs., Inc. v. Cullever*, 144 S.W.3d 464, 466 (Tex. 2004).

A plaintiff is authorized to serve process on the SOS as the defendant's agent by delivering duplicate copies of the process to the SOS. TEX. BUS. ORGS. CODE § 5.252(a). In turn, the SOS's duty is to forward the process, by certified mail, return receipt requested, to the named entity at the "most recent address of the entity on file with the [SOS]." *Id.* § 5.253(b)(1). After doing so, the SOS issues a certificate (known as a "Whitney Certificate"[2]) stating that the SOS received the process and forwarded it to the registered address. *AES Valves, LLC v. Kobi Int'l, Inc.*, No. 01-18-00081-CV, 2020 WL 1880781, at *3 (Tex. App.—Houston [1st Dist.] Apr. 16, 2020, pet. denied) (mem. op.). "Absent fraud or mistake, the [SOS's] certificate is conclusive evidence that the [SOS], as agent of [the defendant], received service of process for [the defendant] and forwarded the service as required by the statute." *Capitol Brick, Inc. v. Fleming Mfg. Co., Inc.*, 722 S.W.2d 399, 401 (Tex. 1986).

Here, IPFS stated in its original petition that Dansk "may be served with citation by delivering the citation to [Dansk's] Registered Agent, [Justice], at the registered address: 8211 Shoregrove, Humble, Texas 77346." The process server's Affidavit states that she attempted three times, at different times of the day (October

---

[2]     *See Whitney v. L&L Realty Corp.*, 500 S.W.2d 94 (Tex. 1973).

18, 2021 at 6:10 p.m.; October 19, 2021 at 1:35 p.m.; and October 20, 2021 at 9:00 a.m.), to serve Justice at the Shoregrove address, but was unsuccessful. Each time, there was not an answer at the door. And neighbors were unable to confirm whether Justice resided there. The process server returned the citation unexecuted and recommended service upon the SOS.

Thus, IPFS attempted to serve Dansk's registered agent at its registered office three times before serving the SOS. This is not a case in which no such effort was made. *See, e.g.*, *J&J Container Mfg.*, 2015 WL 5829667, at \*4 (holding that plaintiff who made no attempt to serve defendant's registered agent at registered office before serving SOS did not show reasonable diligence necessary to support substituted service, which constituted error on face of record); *RWL Const., Inc. v. Erickson*, 877 S.W.2d 449, 451–52 (Tex. App.—Houston [1st Dist.] 1994, no writ) (holding record that did not reflect where or when constable attempted service, or on whom, did not show reasonable diligence in attempting to serve defendant's registered agent at registered address and reversing default judgment).

Dansk presents no authority that IPFS was required to continue with more repeated attempts to serve Dansk's registered agent at the registered address. *See* *BLS Dev., LLC v. Lopez*, 359 S.W.3d 824, 827–28 (Tex. App.—Eastland 2012, no pet.) (holding that process server was not required to "inquire as to when the

registered agent would return from being out of the country" and that repeated service attempts at registered office were not required).

Thus, we conclude that the trial court did not err in its implied conclusion that IPFS used reasonable diligence in attempting service on Dansk's registered agent before taking the final step of serving the SOS. *See Houston's Wild W., Inc. v. Salinas*, 690 S.W.2d 30, 32 (Tex. App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.). Because Justice, as the registered agent of Dansk, could not "with reasonable diligence be found at the registered office of the entity," substituted service through the SOS was authorized. *See* TEX. BUS. ORGS. CODE § 5.251.[3]

Subsequently, IPFS filed an amended petition, stating:

Defendant may be served with citation by delivering said citation to the [SOS] at: PO Box 12079, Austin, Texas 78711-2079. The [SOS] shall serve the Defendant at the most recent address on file with the [SOS]: 8211 SHOREGROVE, HUMBLE, TEXAS 77346[.]

---

[3] We note that this Court and others have held that substituted service on the SOS under section 5.251 of the Texas Business Organizations Code is a method of service independent from Texas Rules of Civil Procedure 106 and 107. *See Ingram Indus., Inc. v. U.S. Bolt Mfg., Inc.*, 121 S.W.3d 31, 35 (Tex. App.—Houston [1st Dist.] 2003, no pet.) ("Strict compliance under rule 106 is not necessary because it is evident from the record that substituted service was requested under article 2.11(B) [predecessor to section 5.251], rather than under rule 106."); *see also El Paisano Nw. Highway, Inc. v. Arzate*, No. 05-12-01457-CV, 2014 WL 1477701, at *3 (Tex. App.—Dallas Apr. 14, 2014, no pet.) (mem. op.); *see also BLS Dev., LLC v. Lopez*, 359 S.W.3d 824, 828 (Tex. App.—Eastland 2012, no pet.); *Collective Ints., Inc. v. Reagan Nat'l Advert.*, No. 03-08-00283-CV, 2010 WL 2977458, at *4 (Tex. App.—Austin July 29, 2010, no pet.) (mem. op.); *Houston's Wild W., Inc. v. Salinas*, 690 S.W.2d 30, 32 (Tex. App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.). Neither party raises any issue in that regard.

The named entity defendant has failed to appoint or maintain a registered office in the State of Texas. Alternatively, the Defendant's registered agent cannot with reasonable diligence be found at the registered office. Therefore, the [SOS] is an agent of the limited liability company defendant upon whom any such process, notice, or demand may be served pursuant to [TEX. BUS. ORGS. CODE § 5.251] . . . .

The SOS's Whitney Certificate, which was filed in the trial court on February 23, 2022, states that the SOS received copies of IPFS's citation and amended petition on November 29, 2021, and forwarded them to Dansk at the 8211 Shoregrove address by certified mail, return receipt requested, on December 7, 2021. *See id.* § 5.253(b) (requiring SOS to send process to defendant at "the most recent address of the entity on file with the [SOS]").

Once the Certificate was filed, it constituted conclusive evidence, absent evidence of fraud or mistake, that the SOS, as the agent of Dansk, received service of process for Dansk and forwarded the service as required by the statute. *See Capitol Brick, Inc.*, 722 S.W.2d at 401 (concluding that Whitney Certificate constituted conclusive evidence that service was valid and upholding default judgment).[4]

---

[4] *See also Acadian Props. Austin, LLC v. KJMonte Invs., LLC*, 650 S.W.3d 98, 111–12 (Tex. App.—El Paso 2021, no pet.) (holding, in context of restricted appeal, that SOS's Whitney Certificate conclusively established that defendant was properly served with process and that it was defendant's "own negligence in failing to comply with its statutory duty to provide the [SOS] with a valid address for [registered agent] that led to its failure to receive actual notice of the lawsuit from the [SOS]"); *Interaction, Inc./State v. State/Interaction, Inc.*, 17 S.W.3d 775, 779 (Tex. App.—Austin 2000, pet. denied) (holding citation and SOS's certificate constituted proof that defendant was served in compliance with statutory requirements).

Dansk does not allege that any fraud or mistake occurred in the SOS's service. We therefore conclude that the SOS's Certificate conclusively established service of process and the trial court's personal jurisdiction over Dansk. *See AES Valves, LLC*, 2020 WL 1880781, at *4.

Dansk complains on appeal that service through the SOS was improper because IPFS had "actual possession and/or knowledge of [Justice's] individual, home address (but never served him)" there.

However, "a diligent party may rely on the registered address a [limited liability company] has placed on file with the Secretary of State." *Autodynamics Inc. v. Vervoort*, No. 14-10-00021-CV, 2011 WL 1260077, at *6 (Tex. App.—Houston [14th Dist.] Apr. 5, 2011, no pet.) (mem. op.). "[I]t is well-settled that a plaintiff is only required to attempt service at the address given to the [SOS], and need not make any attempt to serve the defendant elsewhere." *Acadian Props. Austin, LLC v. KJMonte Invs., LLC*, 650 S.W.3d 98, 109 (Tex. App.—El Paso 2021, no pet.) (holding plaintiff's awareness of possible alternative location where defendant could be found was irrelevant to whether plaintiff used reasonable diligence in attempting to serve defendant at his registered address).[5]

---

[5]  *See, e.g.*, *Lopez*, 359 S.W.3d at 827 ("The only relevant attempt of service, for purposes of determining reasonable diligence, is the process server's sole attempt at service on the registered agent at the registered office."); *Liberty Label Co., Inc. v. Morgan Adhesives Co.*, No. 04-04-00279-CV, 2005 WL 1475332, at *1 (Tex. App.—San Antonio June 22, 2005, no pet.) (mem. op.) (holding, in restricted

In *Ingram Industries, Inc.*, the defendant argued that the plaintiff did not exercise reasonable diligence in effecting service of process because the plaintiff and its counsel knew the address of the defendant's actual place of business, but did not serve the citation at that address. 121 S.W.3d at 35. This Court concluded that there is no requirement that the plaintiff also attempt service at the defendant's place of business. *Id.* (citing statutory predecessor to section 5.251). We held that the plaintiff demonstrated reasonable diligence because its only duty was to attempt to serve the defendant's registered agent at its registered address prior to serving the SOS. *Id.* at 34.

Dansk further argues that "[n]otably absent from the record [are] any documents or evidence proving that [Dansk] was duly served with process."

As discussed above, the SOS's Certificate constituted conclusive evidence that the SOS, as the agent of Dansk, received service of process for Dansk and forwarded the service as required by the statute. *See Capitol Brick, Inc.*, 722 S.W.2d at 401.

---

appeal, that reasonable diligence was shown when process server attempted to serve registered agent at registered address and found house was vacant and that nothing more was required); *Adver. Displays, Inc. v. Cote*, 732 S.W.2d 360, 363 (Tex. App.—Houston [14th Dist.] 1987, no writ) (knowledge of address other than that of registered office creates no presumption that appellant was amenable to service at that address).

The SOS's Certificate reflects that "Process was returned" to the SOS "on January 31, 2022 [b]earing the notation: 'Return to Sender, Unable to Forward.'" The SOS was statutorily required to forward process to Dansk at the "most recent address of the entity on file with the [SOS]." *See* TEX. BUS. ORGS. CODE § 5.253. And the record shows that the SOS sent process to Dansk at the Shoregrove address. Dansk does not assert that the Shoregrove address was incorrect or no longer its registered address. *See, e.g.*, *Liberty Label Co., Inc. v. Morgan Adhesives Co.*, No. 04-04-00279-CV, 2005 WL 1475332, at *1 (Tex. App.—San Antonio June 22, 2005, no pet.) (mem. op.) (noting that it was defendant's "responsibility to notify the [SOS] of a change to either its registered agent or his address").

Because the SOS's Whitney Certificate conclusively established that Dansk was properly served with process, we conclude that Dansk has not demonstrated error on the face of the record with respect to service of process. *See Acadian Props. Austin, LLC*, 650 S.W.3d at 112.

We overrule Dansk's first issue.

### Sufficiency of the Evidence

In its second issue, Dansk complains that IPFS "has insufficient evidence to support the judgment, as no reporter's record of any proceedings [was] taken." It asserts that a failure to record the proceedings constitutes reversible error on the face of the record.

One area in which post-answer and no-answer default judgments differ greatly is in what is considered admitted because of the default. *Whitaker v. Rose*, 218 S.W.3d 216, 220 (Tex. App.—Houston [14th Dist.] 2007, no pet.).

In a post-answer default, the defendant has filed an answer with the trial court and any failure to pursue the remainder of trial does not constitute an abandonment of that answer or a confession of any issues. *See Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979). The plaintiff must offer evidence and prove the entire case, including liability and damages. *See id.* Because the defendant may challenge the sufficiency of the evidence on appeal, the lack of a reporter's record requires reversal. *Carstar Collision, Inc. v. Mercury Fin. Co.*, 23 S.W.3d 368, 370 (Tex. App.—Houston [1st Dist.] 1999, pet. denied).

Conversely, in a no-answer default context, the non-answering party is deemed to have admitted all facts properly pled, except the amount of any unliquidated damages. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 930 (Tex. 2009). Thus, if the facts set out in the petition allege a cause of action, the default judgment conclusively establishes the defendant's liability. *Morgan v. Compugraphic Co.*, 675 S.W.2d 729, 731 (Tex. 1984).

With respect to damages, Texas Rules of Civil Procedure 241 and 243 require proof only when the amount is unliquidated or not proven by a written instrument. *Novosad v. Cunningham*, 38 S.W.3d 767, 773 (Tex. App.—Houston [14th Dist.]

2001, no pet.) (citing TEX. R. CIV. P. 241, 243). Damages are liquidated if the amount can be accurately calculated by the court from the factual, as opposed to the conclusory, allegations in the petition and an instrument in writing. *Id.*

When damages are liquidated, an evidentiary hearing is not required prior to the entry of a default judgment. *Taylor v. State*, 293 S.W.3d 913, 916 (Tex. App.—Austin 2009, no pet.). In fact, when a claim is liquidated and proven by written instrument, the trial court must assess damages and render a final judgment unless the defendant demands and is entitled to a trial by jury. *See* TEX. R. CIV. P. 241 ("When a judgment by default is rendered against the defendant, . . . if the claim is liquidated and proved by an instrument in writing, the damages shall be assessed by the court, or under its direction, and final judgment shall be rendered therefor . . . .").

Here, IPFS alleged in its amended petition that Dansk breached the Agreement by failing to pay as agreed. To its amended petition, IPFS attached a copy of the parties' Agreement, discussed above; a statement of Dansk's Customer Account and Transaction History, showing an outstanding balance of $26,595.88; and an affidavit in support. By not filing an answer, Dansk admitted all the factual allegations in IPFS's petition regarding liability. *See Morgan*, 675 S.W.2d at 731; *Novosad*, 38 S.W.3d at 773.

In addition, because the amount of IPFS's damages, i.e., $26,595.88, may be determined by examining this same evidence, the trial court did not err in concluding

that IPFS's claim is liquidated and assessing damages. *See* TEX. R. CIV. P. 241; *see, e.g.*, *Rooftop Grp. USA, Inc. v. Shopper Events LLC*, No. 14-15-01040-CV, 2017 WL 2125648, at *5 (Tex. App.—Houston [14th Dist.] May 16, 2017, pet. denied) (mem. op.). By not filing an answer, Dansk also admitted the liquidated damages claimed. *See Novosad*, 38 S.W.3d at 773.

In the context of a no-answer default, an appellant is precluded from challenging the legal and factual sufficiency of the evidence supporting liability and liquidated damages. *Quality Hardwoods, Inc. v. Midwest Hardwood Corp.*, No. 2-05-311-CV, 2007 WL 1879797, at *8 (Tex. App.—Fort Worth June 28, 2007, no pet.) (mem. op.) (liquidated damages); *Texaco, Inc. v. Phan*, 137 S.W.3d 763, 770 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (liability). Thus, in this context, no reporter's record is required on appeal. *Taylor*, 293 S.W.3d at 916. The lack of a reporter's record in this case therefore does not constitute error on the face of the appellate record. *See id.*; *Whitaker*, 218 S.W.3d at 220–21.

Accordingly, we hold that the lack of a reporter's record in this appeal from a no-answer default judgment does not constitute error on the face of the record. *See Whitaker*, 218 S.W.3d at 220–21.

We overrule Dansk's second issue.

**Conclusion**

Because Dansk has not demonstrated any error on the face of the record, we affirm the trial court's judgment.

Terry Adams
Chief Justice

Panel consists of Chief Justice Adams and Justices Guerra and Farris.