**Opinion filed January 19, 2012**



In The

# Eleventh Court of Appeals

_____

## No. 11-10-00015-CV
_____

## BLS DEVELOPMENT, LLC, Appellant

## V.

## MANUEL LOPEZ, Appellee

**On Appeal from the 250th District Court**

**Travis County, Texas**

**Trial Court Cause No. D-1-GN-09-001672**

## O P I N I O N

This is a restricted appeal from a no-answer default judgment entered against BLS Development, LLC. *See* TEX. R. APP. P. 30. Because we do not find error on the face of the record, we affirm the default judgment.

Manuel Lopez sued BLS for failing to pay for labor and materials provided to BLS for a construction project. Pursuant to the allegations in Lopez's original petition, the district clerk issued citation on BLS by serving its registered agent, Blake Byram, at 5910 Bold Ruler Way, Austin, Texas 78746. The process server's affidavit was filed with the trial court. In his affidavit, he stated that he attempted to deliver the citation at the registered address but that the property was vacant. He then attempted to deliver the citation to another address, but the

registered agent was "reportedly out of the country for a few weeks." The process server continued to attempt delivery at the second address on three separate occasions within the same week. He was unsuccessful and recommended service upon the secretary of state. Another process server delivered duplicates of the citation and the original petition to the citations clerk of the secretary of state, as stated on the return of service.

Lopez filed a motion for default judgment and attached certification from the secretary of state that a copy of the citation and original petition was received on July 2, 2009, and forwarded to BLS at the registered address on July 7, 2009. The process was returned to the secretary of state "bearing the notation Not Deliverable As Addressed, Unable To Forward." Lopez also filed a certificate of last known address, listing Byram as the registered agent of BLS and Bold Ruler Way as Byram's address. The trial court held a hearing and entered a default judgment awarding Lopez actual damages of $29,000, prejudgment interest of $1,372.93, and attorney's fees of $3,500. This restricted appeal followed.

In its sole issue, BLS alleges that the trial court erred when it granted the default judgment because the trial court did not have in personam jurisdiction over BLS due to defective service. BLS contends there are multiple errors apparent on the face of the record that show there was not strict compliance with the rules governing substitute service and return of process.

To prevail in a restricted appeal, an appellant must establish that it filed notice of the restricted appeal within six months after the judgment was signed, that it was a party to the underlying lawsuit but did not participate in the hearing that resulted in the judgment complained of or timely file any postjudgment motions or requests for findings of fact and conclusions of law, and that error is apparent on the face of the record. TEX. R. APP. P. 26.1(c), 30; *Ins. Co. of State of Pa. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009); *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004).

BLS filed notice of the restricted appeal on November 25, 2009, within six months of September 1, 2009, the date that the trial court signed the judgment. In addition, BLS was a party to the underlying lawsuit but did not participate in the default judgment hearing or file any postjudgment motions. Thus, the only question here is whether there is error on the face of the record.

When the adequacy of service of citation is challenged in a restricted appeal, there are no presumptions in favor of valid issuance, service, or return of citation. *Primate Constr., Inc. v.*

2

*Silver*, 884 S.W.2d 151, 152 (Tex. 1994). Furthermore, it is well established that strict compliance with the rules for service of citation must affirmatively appear on the record if a default judgment is to withstand an attack on appeal. *Lejeune*, 297 S.W.3d at 256; *Primate Constr.*, 884 S.W.2d at 152; *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990); *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985). Virtually any deviation from the rules regarding proper service of process will result in the setting aside of a default judgment. *Mansell v. Ins. Co. of the W.*, 203 S.W.3d 499, 501 (Tex. App.—Houston [14th Dist.] 2006, no pet.).

BLS alleges seven errors on the face of the record: (1) Lopez did not plead the requisite statutory requirements to allow service on BLS by service on the secretary of state; (2) Lopez failed to file a motion requesting substituted service or obtain an order by the trial court permitting substituted service; (3) the process server's return of service contradicts the allegations in plaintiff's original petition; (4) the process server failed to exercise reasonable diligence; (5) Lopez had personal knowledge of BLS's registered agent's residential address, yet failed to notify the process server or the trial court of such address; (6) the return of service is defective; and (7) because there was no valid service, the trial court did not have in personam jurisdiction over BLS.

With regard to the first alleged error, BLS argues that Lopez did not plead the requisite statutory requirements to allow service on BLS by service on the secretary of state. BLS also argues that the process server's return of service is defective and contradicts the allegations in Lopez's petition because the petition did not allege that BLS could be served through the secretary of state. Substitute service on the secretary of state is governed by Section 5.251 of the Texas Business Organizations Code. Section 5.251 provides: "The secretary of state is an agent of an entity for purposes of service of process, notice, or demand on the entity if . . . the registered agent of the entity cannot with reasonable diligence be found at the registered office of the entity." TEX. BUS. ORGS. CODE ANN. § 5.251(1)(B) (West 2011).[1] "Before a filing entity resorts to substituted service under the applicable statute . . . the *record* must show that the . . . registered agent could not with reasonable diligence be found at the registered office." *Collective Interests, Inc. v. Reagan Nat'l Adver.*, No. 03-08-00283-CV, 2010 WL 2977458, *3

---

[1]Formerly TEX. BUS. CORP. ACT art. 2.11(B) (2005).

(Tex. App.—Austin July 29, 2010, no pet.) (mem. op.) (discussing former TEX. BUS. CORP. ACT art. 2.11(B)). "Those allegations are not required to be included in the petition." *Id*.

Here, Lopez alleged in his petition that "Defendant, BLS Development, L.L.C., is a Texas limited liability company, which may be served by delivering the citation, with a copy of the petition attached, to its registered agent, Blake Byram, 5910 Bold Ruler Way, Austin, Travis County, Texas 78746." Lopez was not required to plead that the registered agent could not be found through reasonable diligence or that substituted service could be made on BLS by service on the secretary of state. As long as the record as a whole shows that the registered agent could not with reasonable diligence be found at the registered office, Section 5.251(1)(B) permits service on the secretary of state. *See, e.g., Ingram Indus., Inc. v. U.S. Bolt Mfg., Inc.*, 121 S.W.3d 31, 34 (Tex. App.—Houston [1st Dist.] 2003, no pet.) ("The record as a whole . . . may be considered to determine whether the reasonable-diligence requirement is satisfied.") (citing *G.F.S. Ventures, Inc. v. Harris*, 934 S.W.2d 813, 816 (Tex. App.—Houston [1st Dist.] 1996, no writ)); *Maddison Dual Fuels, Inc. v. S. Union Co.*, 944 S.W.2d 735, 738 (Tex. App.—Corpus Christi 1997, no writ) ("[W]e may look to the entire record for evidence of diligence.").

BLS argues that the process server failed to exercise reasonable diligence because he did not inquire as to when the registered agent would return from being out of the country or attempt to serve the agent at a third address where Lopez allegedly knew BLS could be found. However, the process server was not required to attempt to find the registered agent at any other address than the address for the registered office. *See Adver. Displays, Inc. v. Cote*, 732 S.W.2d 360, 363 (Tex. App.—Houston [14th Dist.] 1987, no writ) (knowledge of an address other than that of registered office creates no presumption that appellant was amenable to service at that address) (citing *TXXN, Inc. v. D/FW Steel Co.*, 632 S.W.2d 706, 708 (Tex. App.—Fort Worth 1982, no writ)). Section 5.251 provides that substituted service on the secretary of state is permitted if "the registered agent of the entity cannot with reasonable diligence be found *at the registered office of the entity*." Section 5.251(1)(B) (emphasis added). The statute does not require that an attempt be made to find the registered agent at any other place than at the entity's registered office. *See id.* Therefore, the process server's attempts to find the registered agent at the second address, or at any other address, were unnecessary and are irrelevant to our determination of reasonable diligence. The only relevant attempt of service, for purposes of determining

4

reasonable diligence, is the process server's sole attempt at service on the registered agent at the registered office.

Here, the process server stated in his affidavit that he attempted service at Bold Ruler Way, the registered agent's address, but that the property was vacant. Because the property was vacant, any other attempts at the registered address would have been futile. *See G.F.S. Ventures*, 934 S.W.2d at 816–17 (holding that, because the actual residents of the registered agent's address had never heard of the registered agent, any further attempts to serve the registered agent would be futile). This one attempt is sufficient to show that the registered agent could not be found with reasonable diligence at the registered office. *See Liberty Label Co. v. Morgan Adhesives Co.*, No. 04-04-00279-CV, 2005 WL 1475332, at *1 (Tex. App.—San Antonio June 22, 2005, no pet.) (mem. op.) (holding that the process server's one attempt to serve registered agent at vacant address constituted reasonable diligence); *Ingram Indus.*, 121 S.W.3d at 34 (holding one attempt to serve entity constituted reasonable diligence when the registered agent no longer occupied the registered address and the people occupying the address had been living there for ten years).

In addition, BLS alleges that Lopez failed to file a motion requesting substituted service or obtain an order by the trial court permitting substituted service under Rules 106(b) and 107 of the Texas Rules of Civil Procedure. BLS cites to *National Multiple Sclerosis Society—North Texas Chapter v. Rice*, 29 S.W.3d 174 (Tex. App.—Eastland 2000, no pet.), to support its contention that Lopez was required to file a motion for substituted service. In *National Multiple Sclerosis Society*, we said that, in those cases governed by Rule 106, the record must contain a motion, affidavit, and order complying with the rules in order to withstand a challenge to the default judgment. 29 S.W.3d at 177–78. However, we did not reach the Rule 106(b) question because we found that there was no evidence of reasonable diligence in the record to support service on the secretary of state under former TEX. REV. CIV. STAT. art. 1396-2.07 (1997). *Id.* Here, the record does show reasonable diligence, and we must decide whether Rules 106(b) and 107 apply when a plaintiff seeks substitute service on an entity through the secretary of state as in this case.

Substituted service through the secretary of state is governed by Section 5.251(1)(B), not Rules 106(b) and 107. Section 5.251 is an independent statute that provides for substituted service on the secretary of state when reasonable diligence is shown. *See Houston's Wild West,*

*Inc. v. Salinas*, 690 S.W.2d 30, 32 (Tex. App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.) (holding former Tex. Bus. Corp. Act art. 2.11(B) and Rule 106 are not interdependent methods of service; Article 2.11 is an independent statute). Therefore, Lopez was not required to file a Rule 106(b) motion requesting substituted service, nor was the process server required to effectuate a return in compliance with a court order permitting substitute service under Rule 107. *See id.*

BLS also argues that the trial court erred when it granted the default judgment because the record establishes that the certificate of last known address filed by Lopez in support of its default judgment was false. Specifically, BLS claims that Lopez had personal knowledge of BLS's registered agent's residential address, yet failed to notify the process server or the trial court of such address. Even if this is true, BLS concedes that this information is not in the record, but could be shown on remand. However, error must be apparent on the face of the record in order to prevail in a restricted appeal. *Alexander*, 134 S.W.3d at 848. There is nothing in the clerk's record that supports this allegation. Thus, the alleged error is not apparent on the face of the record.

We do not find any of BLS's seven errors to be present on the face of the record. Lopez satisfied the requirements under Section 5.251(1)(B) for substituted service on the secretary of state. In addition, the certificate from the secretary of state conclusively establishes that process was served. *See Campus Invs., Inc. v. Cullever*, 144 S.W.3d 464, 466 (Tex. 2004). Therefore, the trial court did have in personam jurisdiction over BLS. The fact that BLS did not actually receive service "was the result of [BLS]'s own failure to comply with the statutory requirements which were designed to assure it of notice of pending suits, not of any failure on the part of [Lopez]." *TXXN*, 632 S.W.2d at 709. We overrule BLS's sole issue.

The judgment of the trial court is affirmed.


JIM R. WRIGHT
CHIEF JUSTICE

January 19, 2012

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.

6