**Opinion filed October 11, 2018**



In The

# Eleventh Court of Appeals

_____

## No. 11-17-00147-CV
_____

## PYOTE WELL SERVICE, LLC, Appellant

## V.

## HUDSON SPECIALTY INSURANCE COMPANY, Appellee

### On Appeal from the 142nd District Court
### Midland County, Texas
### Trial Court Cause No. CV52277

### M E M O R A N D U M   O P I N I O N

This is a restricted appeal of a no-answer default judgment entered against Appellant, Pyote Well Service, LLC, a Foreign Limited Liability Corporation, (Pyote) and in favor of Appellee, Hudson Specialty Insurance Company (Hudson). In two issues, Pyote asserts that (1) service of Hudson's "First Amended Original Petition" by the secretary of state was defective because Hudson failed to first attempt service on Pyote's registered agent and (2) service by the secretary of state was defective because the process did not state the address of Pyote's home or home office. We affirm the judgment of the trial court.

*Background Facts*

Hudson filed suit on April 25, 2016, against Pyote for failure to pay for insurance coverage provided through a variety of policies. In its original petition, Hudson asserted that Pyote: "[I]s a foreign limited liability company that can be served by delivering a citation and a copy of this petition to its registered agent, **H H Wommack III**, or its president or any vice-president, at 400 W. Illinois, Suite 950, Midland, Texas 79701." A citation was issued on April 26, 2016, and was delivered to a licensed process server on April 28, 2016. The return of service reflects that the process server attempted to serve the original petition at the location of the registered agent five times on four different days from May 2, 2016, to July 6, 2016, but that the registered agent was "not in" at the registered office.

On August 15, 2016, Hudson filed its amended petition seeking service on Pyote through constructive service on the secretary of state pursuant to Sections 5.251 and 5.253 of the Texas Business Organizations Code. TEX. BUS. ORGS. CODE ANN. §§ 5.251, .253 (West 2012). Hudson requested that the secretary of state forward a copy of the process to the "Defendant's most recent address on file with the Secretary of State of Texas at 400 W. Illinois, Suite 950, Midland, Texas 79701." Hudson did not add any new claims or damages in the amended petition but stated that service on the secretary of state was necessary because Pyote's registered agent, president, or vice president could not be found despite reasonable diligence. Citation issued on August 16, 2016, and was served on the secretary of state on September 13, 2016. The secretary of state forwarded the citation and amended petition by certified mail to Pyote on September 20, 2016, and the return receipt, reflecting delivery, was received by the secretary of state on September 22, 2016. Pyote never filed an answer.

Hudson filed its motion for default judgment on December 19, 2016. On January 31, 2017, the trial court entered a default judgment against Pyote in the

2

principal amount of $1,544,490, attorney's fees of $463,347, appellate attorney's fees of $45,000, and interest and costs. Pyote timely filed a notice of restricted appeal on May 26, 2017.

*Discussion*

In its first issue, Pyote complains that Hudson failed to make any attempt to serve Pyote with the amended petition before serving the secretary of state. Pyote argues that, under Section 17.044(a)(2) of the Texas Civil Practice and Remedies Code,[1] Hudson had to make two attempts to serve the amended petition on Pyote's registered agent before attempting service on the secretary of state. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 17.044 (West 2015). Pyote contends that the attempted service of the original petition on the registered agent does not satisfy Section 17.044(a)(2). Hudson responds that service was accomplished under Section 5.251(1)(B) of the Texas Business Organizations Code, which permits service on the secretary of state for a foreign filing entity that maintains a registered agent if the registered agent cannot with reasonable diligence be found at the registered office.[2] BUS. ORGS. § 5.251(1)(B).

The Texas Supreme Court has "required that strict compliance with the rules for service of citation affirmatively appear on the record in order for a default judgment to withstand direct attack." *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994); *see also Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990) ("For well over a century the rule has been firmly established in this state that a

---

[1]Section 17.044(a)(2) provides: "The secretary of state is an agent for service of process or complaint on a nonresident who . . . has one or more resident agents for service of process, but two unsuccessful attempts have been made on different business days to serve each agent."

[2]Section 5.251(1)(B) provides: "The secretary of state is an agent of an entity for purposes of service of process, notice, or demand on the entity if . . . the entity is a filing entity or a foreign filing entity and . . . the registered agent of the entity cannot with reasonable diligence be found at the registered office of the entity."

default judgment cannot withstand direct attack by a defendant who complains that he was not served in strict compliance with applicable requirements."); *BLS Dev., LLC v. Lopez*, 359 S.W.3d 824, 826 (Tex. App.—Eastland 2012, no pet.). Virtually any deviation from the rules regarding proper service of process will result in the setting aside of a default judgment. *Mansell v. Ins. Co. of the West*, 203 S.W.3d 499, 501 (Tex. App.—Houston [14th Dist.] 2006, no pet.).

As a foreign filing entity, Pyote is required to continuously maintain a registered agent for service of process and a registered office. *See* Bus. Orgs. § 5.201(a). If the registered agent cannot, with reasonable diligence, be found at the registered office, the secretary of state is an agent of the foreign entity for service of process purposes. *See id.* § 5.251(1)(B). Service of process on the secretary of state is accomplished by delivering duplicate copies of the process and any required fee. *See id.* § 5.252. After service on the secretary of state, the secretary forwards the process to the corporation by certified mail, return receipt requested. *See id.* § 5.253. A certificate by the secretary of state as to service conclusively establishes that process was served. *See Campus Invs., Inc. v. Cullever*, 144 S.W.3d 464, 466 (Tex. 2004) (per curiam) (default judgment affirmed following substituted service on secretary of state where corporation failed to update addresses for its registered agent and office and did not receive certified mail from secretary of state).

Hudson attempted to serve Pyote with its original petition five different times over several weeks. Hudson amended its original petition to plead the facts underlying constructive service on the secretary of state; otherwise, the original and amended petitions are almost identical. In *BLS Development*, this court examined the interaction between Section 5.251(1)(B) and Rules 106(b) and 107 of the Texas Rules of Civil Procedure. *BLS Dev.*, 359 S.W.3d at 828. This court noted: "Section 5.251 is an independent statute that provides for substituted service on the secretary of state when reasonable diligence is shown." *Id.* "As long as the record

as a whole shows that the registered agent could not with reasonable diligence be found at the registered office, Section 5.251(1)(B) permits service on the secretary of state." *Id.* at 827. The process server attempted to serve Pyote with process on five different occasions. There was sufficient evidence in the record to support the conclusion that the registered agent could not be located with reasonable diligence. We overrule Pyote's first issue.

In its second issue, Pyote claims that Hudson failed to follow Section 17.045(a) of the Texas Civil Practice and Remedies Code because Hudson did not provide the address of Pyote's "home or home office" in the process delivered to the secretary of state.[3] Hudson responds that Section 17.045(a) does not apply because service was accomplished in accordance with Section 5.251(1)(B) of the Texas Business Organizations Code.

Section 5.251 is an independent statute relating to service on a foreign entity separate and apart from Sections 17.044 and 17.045(a). *See BLS Dev.*, 359 S.W.3d at 828 (holding that Section 5.251 is an independent statute). Pyote's reliance on *Boyo v. Boyo*, 196 S.W.3d 409, 417 (Tex. App.—Beaumont 2006, no pet.), is misplaced. In that case, the plaintiff in a divorce action specifically relied on Section 7.044(b) of the Texas Civil Practice and Remedies Code for constructive service through the secretary of state. 196 S.W.3d at 415. The record failed to demonstrate that the requirements for service under Section 17.044(b) were met. *Id.* at 417. Section 5.251(1)(B) was not at issue.

Pyote was required to continuously maintain (1) a registered agent for service of process and (2) a registered office. *See* BUS. ORGS. § 5.201. The record reflects that Pyote's registered agent could not, with reasonable diligence, be found at its

---

[3]Section 17.045(a) provides: "If the secretary of state is served with duplicate copies of process for a nonresident, the documents shall contain a statement of the name and address of the nonresident's home or home office and the secretary of state shall immediately mail a copy of the process to the nonresident at the address provided." CIV. PRAC. & REM. § 17.045(a).

registered office. Thus, the secretary of state was an agent of Pyote for service of process. *See id.* § 5.251(1)(B). There was no need to provide information on a "home" or "home office" because service was in accordance with Section 5.251. We overrule Pyote's second issue.

*Conclusion*

Based on the face of the record, Hudson satisfied the requirements under Section 5.251 for constructive service on the secretary of state. The certificate from the secretary of state conclusively establishes that process was served. *See Campus Invs.*, 144 S.W.3d at 466. We conclude that the trial court had personal jurisdiction over Pyote. The judgment of the trial court is affirmed.


REBECCA SIMMONS
FORMER JUSTICE


October 11, 2018

Panel consists of: Bailey, C.J.,
Simmons, F.J.,[4] and Wright, S.C.J.[5]

Willson, J., not participating.

---

[4]Rebecca Simmons, Former Justice, Court of Appeals, 4th District of Texas at San Antonio, sitting by assignment.

[5]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.