

# NUMBER 13-20-00416-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

MARIO A. DAVILA,                                                                    Appellant,

v.

EASY WAY LEISURE CORPORATION
D/B/A EASY WAY PRODUCTS CO.,                                         Appellee.

---

### On appeal from the 404th District Court
### of Cameron County, Texas.

---

# MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Longoria and Tijerina
### Memorandum Opinion by Justice Tijerina

Appellant Mario A. Davila appeals from the trial court's granting of a summary judgment in appellee Easy Way Leisure Corporation d/b/a Easy Way Products, Co.'s (Easy Way) bill of review proceeding to set aside a default judgment. By four issues, Davila argues the trial court erred by: (1) granting Easy Way's motion for summary

judgment; (2) sua sponte ordering a severance of his counterclaims and Easy Way's claim for attorney's fees; (3) rendering improper evidentiary rulings; and (4) denying his motion for new trial. We affirm.

## I.    PROCEDURAL HISTORY

### A.    Corporate Locations

Easy Way is an Ohio corporation in the business of manufacturing outdoor furniture. In 2013, Easy Way registered with the Texas Secretary of State (SOS). According to SOS documents, Easy Way's principal office was located at 412 South Cooper Avenue, Cincinnati, Ohio (Cooper location), and its registered agent was "CT, A Wolters Kluwer Business," with the address 1021 Main Street, Suite 1150, Houston, Texas (Houston location). Easy Way continuously maintained a warehouse in Brownsville for the distribution of outdoor furniture throughout the United States (Brownsville location). Easy Way filed documents with the SOS in 2016 and 2017 updating its mailing address, principal office, and place of business to 8950 Rossash Road, Cincinnati, Ohio (Rossash location).

### B.    Lawsuit

Starting in December 2015, Easy Way employed Davila at its plant in Tamaulipas, Mexico, and it terminated him two years later. On June 6, 2018, Davila sued Easy Way for wrongful employment termination. Easy Way did not appear and did not respond to the suit.

On August 7, 2018, Davila filed a motion for default judgment. In the motion, Davila stated Easy Way was "served with citation" by and through Mario Lincoln, a certified

process server. Davila attached Lincoln's affidavit wherein he averred that he attempted to serve Easy Way's registered agent by mailing citation and a copy of the petition to the Houston location. Lincoln further explained that both processes were returned to him on June 29, 2018, bearing the notation "Return to Sender—Not Deliverable as Addressed—Unable to Forward."

## C. Default Judgment

On October 17, 2018, Davila filed a supplemental motion for default judgment. Pursuant to Rule 239a, Davila included a document titled "Attorney's Certificate of [Easy Way's] Last Known Mailing Address" wherein Davila certified that Easy Way's last known mailing address was the Cooper location. *See* TEX. R. CIV. P. 239a. Following a hearing, the trial court granted Davila's motion for default judgment, awarded Davila $500,000 in actual damages, $26,070 in attorney's fees, and conditional appellate attorney's fees, court costs, and interest. The district clerk mailed official notice of the final default judgment to the Cooper location in accordance with Davila's "Attorney's Certificate of [Easy Way's] Last Known Mailing Address." According to the record, however, the notice of default judgment was "return[ed] to sender not deliverable as addressed unable to forward." *See* TEX. R. CIV. P. 306a(3) ("Notice of judgment").

## D. Bill of Review

One year later, Davila obtained a writ of execution and identified Easy Way at its Brownsville location, where a deputy sheriff appeared and served Easy Way with the writ of execution. Two days later, Easy Way filed a petition for a bill of review, seeking to vacate the default judgment. Easy Way argued in part that "[t]he way the default judgment

3

was obtained deprived [it] of its constitutional right of fundamental due process."

**E.     Summary Judgment**

On January 14, 2020, Easy Way filed a traditional motion for summary judgment on its petition for bill of review, asserting it never received service of process. As evidence to support its motion, it attached numerous documents including: (1) an affidavit by its CEO and President Jon Randman, stating that its warehouse was located in Brownsville for over five years and that Easy Way was never served with process; (2) Lincoln's returns stating process was not served; (3) Davila's motions for default judgment, including Davila's Rule 239a certification that Easy Way's last "known" address was the Cooper location; (4) the final default judgment; (5) the district clerk's notice of default judgment, which was mailed to the Cooper location but "return[ed] to sender not deliverable as addressed unable to forward" to the Cooper location; (6) the writ of execution bearing the Brownsville location; (7) SOS documents dated 2016 and 2017 reflecting the Rossash location; (8) Davila's pay stub reflecting the Rossash location; and (9) itemized bills and an affidavit regarding attorney's fees. According to Easy Way, Davila did not serve it with process, as documented in Lincoln's service return, and the certified copy of the default judgment was returned as not deliverable and unable to forward.

On February 6, 2020, Easy Way filed a supplement to its motion for summary judgment, withdrawing its request for attorney's fees and expenses against Davila under Texas Rules of Civil Procedure Rule 21b. *See* TEX. R. CIV. P. 21b ("Sanctions for Failure to Serve or Deliver Copy of Pleadings and Motions").

4

**F.       Dallas Location**

On February 19, 2020, Easy Way filed a "Statement of Change of Registered Office/Agent" from "CT, A Wolters Kluwer Business" at the Houston location to "CT, Corporation System" at 1999 Bryan Street, Suite 900 Dallas, Texas (Dallas location).

On June 9, 2020, Easy Way filed its first amended petition for bill of review and application for temporary injunction. Easy Way further sought attorney's fees pursuant to chapters 9 and 10 of the Texas Civil Practice and Remedies Code and Rule 13 of the Texas Rules of Civil Procedure.

**G.       Davila's Counterclaim**

On June 22, 2020, Davila filed a counterclaim and a third-party claim under § 4.007 of the Texas Business Organizations Code for damages incurred as a result of Easy Way's filing of allegedly false documents with the SOS. In response to Easy Way's motion for summary judgment, Davila stated that "the evidence shows Davila sent a true copy of the citation and a copy of his petition to Easy Way by registered and/or certified mail, return receipt requested, and that the envelope containing the process documents was addressed to Easy Way"; thus, "Easy Way was served with process." Davila further contended Easy Way was negligent in failing to act following the default judgment and therefore was not entitled to a bill of review. Easy Way replied that although Davila claims there is a fact question regarding service, "there is no evidence other than lack of service." Furthermore, Easy Way argued Davila's position that "simply mailing the citation and petition via certified mail fulfills constitutional [the] requirement of due process" ignores the requirement a return of service must include the addressee's signature. *See* TEX. R.

5

CIV. P. 107(c).

## H.  Severance

Following a hearing, on July 8, 2020, the trial court granted Easy Way's motion for summary judgment as supplemented, vacated the default judgment, and reopened the original cause. It also severed Easy Way's bill of review claim from Easy Way's request for attorney's fees and from Davila's counterclaims and third-party claims.[1]

On August 7, 2020, Davila filed a motion for new trial, re-urging his arguments on summary judgment, and additionally arguing that the trial court improperly severed the bill of review from Easy Way's claims for attorney's fees because "the same facts and circumstances come into play for both claims." The trial court denied the motion for new trial, and Davila appealed.

## II.  BILL OF REVIEW

"A bill of review is an equitable proceeding, brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for a new trial or direct appeal." *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004) (per curiam). Ordinarily, to obtain a bill of review, a plaintiff must plead and prove: "(1) a meritorious defense to the underlying cause of action, (2) which the plaintiff[ ] [was] prevented from making by the fraud, accident or wrongful act of the opposing party or official mistake, (3) unmixed with any fault or negligence on [its] own part." *Id.* When a bill of review plaintiff claims a due

---

[1] Thus, there are three related trial court cause numbers: (1) 2019-DCL-06544, which consisted of Davila's counterclaim and Easy Way's attorney's fees claim as pleaded in its amended bill of review, which is currently before us in appellate cause number 13-22-00088-CV; (2) 2020-DCL-03618, which consisted of Easy Way's petition for bill of review and is currently before us in this appeal; and (3) 2018-DCL-03393, which consists of Davila's underlying suit.

6

process violation for no service of process, as here, "it is relieved of proving the first two elements and must only prove that its own fault or negligence did not contribute to cause the lack of service or notice." *Katy Venture, Ltd. v. Cremona Bistro Corp.*, 469 S.W.3d 160, 163 (Tex. 2015).

## III.     SUMMARY JUDGMENT

By his first issue, Davila asserts the trial court erred in granting Easy Way's motion for summary judgment. First, Davila asserts that he "produced evidence establishing that Easy Way received service of process." Next, Davila argues that even if Easy Way was not served with process, Easy Way was not entitled to summary judgment because "Easy Way did not establish as a matter of law that it was not negligent, or at fault, in Davila's obtainment of the default judgment against it." We address each argument in turn.

### A.     Standard of Review

While abuse of discretion is the proper review standard for the ruling on a bill of review, *see Manley v. Parsons*, 112 S.W.3d 335, 337 (Tex. App.—Corpus Christi–Edinburg 2003, pet. denied), Davila appeals from the trial court's granting of a summary judgment. Thus, de novo review of a summary judgment is the appropriate standard of review in this case. *See Bowers v. Bowers*, 510 S.W.3d 571, 576 (Tex. App.—El Paso 2016, no pet.); *Clarendon Nat'l Ins. v. Thompson*, 199 S.W.3d 482, 487 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *see also Tummel v. MMG Bank Corp.,* No. 13-19-00097-CV, 2020 WL 2213966, at *2–3 (Tex. App.—Corpus Christi–Edinburg May 7, 2020, no pet.) (mem. op.).

To be entitled to traditional summary judgment, a movant must establish there is no genuine issue of material fact so that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125, 130 (Tex. 2018). Because the trial court's order does not specify the grounds for its summary judgment, we must affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious. *Cincinnati Life Ins. v. Cates*, 927 S.W.2d 623, 626 (Tex. 1996).

## B.  Service of Process

Default judgment is improper against a defendant who has not been served in strict compliance with the law, accepted or waived service, or entered an appearance. *See* TEX. R. CIV. P. 124; *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990). In order to uphold a default judgment on direct attack, return of service must be shown to strictly comply with the rules of civil procedure. *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam). If strict compliance is not shown on the face of the record, return of service is deemed invalid. *Id.* The plaintiff bears the burden of affirmatively showing strict compliance. *McKanna v. Edgar*, 388 S.W.2d 927, 930 (Tex. 1965). Such a showing requires proof in the record that Easy Way was, in fact, served in the manner required by the statute. *See Whitney v. L & L Realty Corp.*, 500 S.W.2d 94, 96 (Tex. 1973); *see also* TEX. R. CIV. P. 124.

## C.  Discussion

### 1.  Proof of Nonservice

Easy Way attached Randman's affidavit to its summary judgment motion wherein

he averred that: (1) Easy Way had continuously maintained its Brownsville location for over five years; (2) its registered agent at the Houston location was designated as such in 2013 and remained Easy Way's registered agent as of the date of the affidavit in January 2020; (3) he first learned of the default judgment on November 6, 2019, when a deputy sheriff appeared at the Brownsville location to serve the writ of execution; and (4) Davila was aware of the Brownsville location and received paychecks from the Rossash location. We conclude this evidence established that Easy Way was not served with process. The burden therefore shifted to Davila to raise a fact issue as to whether Easy Way was served with process. *See* TEX. R. CIV. P. 166a(c).

Davila asserts that he raised a fact issue as to whether Easy Way was served with process because he mailed the petition by certified mail to the address on file with the SOS, which is "effective service of process." *See* TEX. R. CIV. P. 106(a)(2) (providing that citation is served by mailing defendant by registered or certified mail, return receipt requested, a copy of the citation and the petition). However, we indulge no presumptions in favor of valid issuance, service, or return of citation. *See Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985). In both returns, Lincoln testified that process was returned to him bearing the notation "Return to Sender—Not Deliverable as Addressed—Unable to Forward." *See Garza v. Att'y Gen.*, 166 S.W.3d 799, 811 (Tex. App.—Corpus Christi–Edinburg 2005, no pet.) ("Recitations in the return of service carry so much weight that they cannot be rebutted by the uncorroborated proof of the moving party."). The recitation here, "not deliverable as addressed," is prima facie evidence that Easy Way's registered agent was not served with process. *See GMR Gymnastics Sales,*

9

*Inc. v. Walz*, 117 S.W.3d 57, 59 (Tex. App.—Fort Worth 2003, pet. denied) (holding that the SOS's return bearing the notation "not deliverable as addressed, unable to forward" was prima facie evidence that address provided to SOS was incorrect and defendant was not served); *see also Starbucks Corp., v. Smith*, No. 05-06-01500-CV, 2007 WL 3317523, at *2 (Tex. App.—Dallas Nov. 9, 2007, no pet.) (mem. op.) (holding that SOS's return bearing notation "Forwarding Order Expired" was "prima facie evidence" that defendant was not served at correct address); *Ward v. Hooper*, No. 05-00-01903-CV, 2002 WL 15881, at *3 (Tex. App.—Dallas Jan. 8, 2002, no pet.) (mem. op.) (holding that the return stamped "No Forward Order On File; Unable To Forward; Return To Sender," "clearly indicates" an incorrect address and demonstrates lack of service). Therefore, we conclude that Davila failed to raise a fact issue as to whether Easy Way was served with process, and we overrule Davila's first sub-issue.

### 2. Failure to Update Registered Agent

Next, relying on *Katy*, *Campus*, *Moss*,[2] and *Tummel*, Davila asserts that "when non-service is claimed by a bill-of-review plaintiff, the bill-of-review plaintiff must show that such non-service was not due to its own failure to . . . update its registered agent's address on file with the [SOS]." *See Katy*, 469 S.W.3d at 164; *Campus Inv., Inc. v. Cullever,* 144 S.W.3d 464, 466 (Tex. 2004) (per curiam); *Tummel*, 2020 WL 2213966, at

---

[2] *Moss* was subsequently overruled, and we decline to consider it as persuasive authority. *See U.S. Bank Nat'l Ass'n v. Moss*, 644 S.W.3d 130, 137 (Tex. 2022) ("Moss's service of the Bank via [SOS] pursuant to Chapter 505 did not constitute service on the financial institution's registered agent as required by section 17.028. Because [§] 17.028 is mandatory and provides the exclusive methods of service for financial institutions, the Bank was not properly served, and the default judgment rendered against it must be set aside.").

*4. In other words, Davila argues that because Easy Way allegedly failed to update its registered agent, Easy Way was negligent, and, as a result, it was precluded from prevailing on its petition for bill of review.

First, *Katy* and *Campus* are distinguishable because in those cases service did occur; the SOS was served on behalf of the entities. *See Katy*, 469 S.W.3d at 162; *Campus Inv.,* 144 S.W.3d at 464; *see also* TEX. BUS. ORGS. CODE ANN. § 5.251. Next, Davila states that "Easy Way failed to obtain an agent for service of process in Texas for more than five years or, at the very least, that it failed to update its registered agent's name and office address with the [SOS]." However, Davila did not provide evidence that when he filed suit against Easy Way, Easy Way's registered agent was not at the Houston location.[3] Contrarily, Easy Way provided evidence that its registered agent at the Houston location was designated as such in 2013 and remained Easy Way's registered agent as of January 2020. Thus, there is no evidence that Easy Way failed to update its registered agent with the SOS.

In his reply brief, Davila states "Easy Way would not have received notice of Davila's suit [even] if Davila had attempted service through the [SOS] because Easy Way did not have its correct information on file." As explained above, we disagree that there was any evidence showing that Easy Way did not have its correct information on file at

---

[3] Davila relies on an "Application for Registration of a Foreign For-Profit Corporation" on file with the SOS to assert that Easy Way's address remained at the Ohio location. However, that document reflects that Easy Way's registered agent was at the Houston location.

Moreover, Davila relies on deposition testimony obtained after the filing of this appeal. "We do not consider evidence that was not before the trial court at the time it made its ruling in the case." *Fryday v. Michaelski*, 541 S.W.3d 345, 352 (Tex. App.—Houston [14th Dist.] 2017, pet. denied).

11

the SOS. Nonetheless, "if . . . the registered agent . . . cannot with reasonable diligence be found at the registered office," then "[t]he [SOS] is an agent of [the] entity for purposes of service of process." TEX. BUS. ORGS. CODE ANN. § 5.251. Here, Davila chose not to serve the SOS as required by the rules. *See Paramount Credit, Inc. v. Montgomery*, 420 S.W.3d 226, 230 (Tex. App.—Houston [1st Dist.] 2013, no pet.) ("The law requires strict compliance with these conditions; [o]nly after the registered agent of a corporation cannot be found with reasonable diligence at the registered office can the [SOS] act as agent of the corporation for service of process.") (internal citations omitted); *BLS Dev., LLC v. Lopez*, 359 S.W.3d 824, 827 (Tex. App.—Eastland 2012, no pet.) ("As long as the record as a whole shows that the registered agent could not with reasonable diligence be found at the registered office, [§] 5.251(1)(B) permits service on the [SOS]."); *Ingram Indus. v. U.S. Bolt Mfg.*, 121 S.W.3d 31, 34 (Tex. App.—Houston [1st Dist. 2003, no pet.) ("When the registered agent of a corporation cannot be found with reasonable diligence at the registered office, the [SOS] acts as agent of such corporation for service of process."). Thus, even assuming Easy Way had not updated its registered agent and address with the SOS, once Davila became aware that the service of process had not been effectuated at the Houston address, it was incumbent that Davila seek substituted service on the SOS. *See* TEX. BUS. ORGS. CODE ANN. § 5.251. Because Davila did not serve the SOS on Easy Way's behalf as § 5.251 requires, all the cases Davila relies on are inapposite to the facts here because in those cases service did occur—the SOS was served on behalf of the entities.[4] We conclude that because no agent was served with process in this case,

---

[4] In *Tummel*, we merely stated, "A party who is not served does not have to prove anything except lack of service with the exception noted in Campus Investments." 2020 WL 2213966, at *4. Because we

12

Davila failed to raise a fact issue as to whether Easy Way's alleged negligence contributed to nonservice. *See Katy*, 469 S.W.3d at 164 ("But even assuming that an entity's failure to update its registered address with the SOS can also constitute negligence in the notice-of-default-judgment context, that negligence did not necessarily contribute to cause the Katy entities' failure to receive notice of the default judgment in this case."). We overrule his first issue.

## IV. SEVERANCE

By his second issue, Davila argues the trial court erred in sua sponte severing Davila's counter and third-party claims and Easy Way's claim for attorney's fees from Easy Way's bill of review.

### A. Applicable Law

"Any claim against a party may be severed and proceeded with separately." TEX. R. CIV. P. 41. "We will not reverse a trial court's order severing a claim unless the trial court abused its discretion." *F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 693 (Tex. 2007); *Guar. Fed. Sav. Bank v. Horseshoe Op. Co.*, 793 S.W.2d 652, 658 (Tex. 1990). A claim is properly severable if (1) the controversy involves more than one cause of action, (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted, and (3) the severed claim is not so interwoven with the remaining action that they involve the same facts and issues. *In re State*, 355 S.W.3d 611, 614 (Tex. 2011).

---

concluded Campus is inapplicable here, we need not address *Tummel.*

13

**B. Discussion**

**1. Attorney's Fees**

While this appeal was pending, in the severed claim, trial court cause number 2019-DCL-06544, the trial court signed an order on February 14, 2022, denying "all requests for attorney's fees and sanctions" in Davila's favor. Easy Way informed this Court that it would not appeal or challenge that ruling.

The mootness doctrine limits courts to deciding cases in which an actual controversy exists between the parties. *See Jack v. State*, 149 S.W.3d 119, 123 n.10 (Tex. Crim. App. 2004) (per curiam) ("A case becomes moot on appeal when the judgment of the appellate court can no longer have an effect on an existing controversy or cannot affect the rights of the parties."); *State v. Garza*, 774 S.W.2d 724, 727 (Tex. App.—Corpus Christi–Edinburg 1989, pet. ref'd) ("It is axiomatic that a cause becomes moot when the appellate court's judgment cannot have any practical legal effect upon a controversy."). Because the trial court's order in trial court cause number 2019-DCL-06544 disposed of the merits of Easy Way's request for attorney's fees, this Court's ruling on the propriety of the severance is moot, and we need not address it. *See Jack*, 149 S.W.3d at 123 n.10.

**2. Counter- and Third-Party Claims**

According to Davila, in granting Easy Way's summary judgment on its bill of review, the trial court "decided that Easy Way was not negligent or at fault in Davila's obtainment of the default judgement [sic]" because it "implicit[ly made a] factual finding that Easy Way did not misrepresent the identity or the existence of [its] registered agent," and this "same

14

fact is at issue in Davila's counter- and third-party claims."

In Davila's counter- and third-party claims, he asserted an action under § 4.007 of the business code and common law fraud for Easy Way's alleged omissions and false statements, which are unrelated to Easy Way's claim that it had not been properly served. Section 4.007, entitled, "Liability for False Filing Instruments" and common law fraud require proof that Easy Way was negligent, made false statements, or intentionally committed fraud and thus are separate causes of action from Easy Way's claims of nonservice. *See In re Liu*, 290 S.W.3d 515, 519–20 (Tex. App.—Texarkana 2009, orig. proceeding) ("Severance divides a lawsuit into two or more separate and independent causes of action."). However, because no service of process occurred, the trial court need not have found whether Easy Way committed fraud when it granted summary judgment on Easy Way's claim of nonservice. *See Katy*, 469 S.W.3d at 164. Accordingly, we conclude that the trial court did not abuse its discretion when it severed Davila's § 4.007 and common law fraud causes of action from Easy Way's bill of review. *See In re State*, 355 S.W.3d at 615.

## V.     EVIDENTIARY RULINGS

By his third issue, Davila asserts that the trial court abused its discretion in omitting its docket sheet from evidence and admitting Randman's affidavit because it was conclusory and inconsistent with public records.

## A.     Standard of Review and Applicable Law

Evidentiary matters are within the sound discretion of the trial court. *Cunningham v. Hughes & Luce, L.L.P.*, 312 S.W.3d 62, 70 (Tex. App.—El Paso 2010, no pet.). "A trial

15

court abuses its discretion when it acts without regard for any guiding rules or principles." *Id.* In other words, the appropriate inquiry is whether the ruling was arbitrary or unreasonable. *Id.* "The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred." *Id.*

To obtain reversal of a judgment based upon error in the admission or exclusion of evidence, the following must be shown: (1) that the trial court did in fact commit error; and (2) that the error was reasonably calculated to cause and probably did cause rendition of an improper judgment. *Gee v. Liberty Mut. Fire Ins.*, 765 S.W.2d 394, 396 (Tex. 1989); *see* Tᴇx. R. Aᴘᴘ. P. 44.1(a). To meet that burden, an appellant must show the erroneously excluded evidence was controlling on a material issue dispositive of the case, the evidence was not cumulative, and its absence resulted in an improper judgment. *See Tex. Dep't of Transp. v. Able*, 35 S.W.3d 608, 617 (Tex. 2000). Generally, we will not find reversible error for erroneous rulings on admissibility of evidence where the evidence in question is cumulative and not controlling on a material issue dispositive of the case. *See Gee*, 765 S.W.2d at 396.

**B.      Discussion**

Here, Davila has not shown that he was unable to defend against Easy Way's summary judgment without the excluded docket sheet, nor has Davila shown that it was controlling on a material issue. *See Jauregui Partners, Ltd. v. Grubb & Ellis Com. Real Estate Servs.*, 960 S.W.2d 334, 336 (Tex. App.—Corpus Christi–Edinburg 1997, pet. denied) ("A docket entry forms no part of the record which may be considered; it is a

16

memorandum made for the trial court's convenience."); *In re Bill Heard Chevrolet, Ltd.*, 209 S.W.3d 311, 315 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding) ("A docket-sheet entry ordinarily forms no part of the record that may be considered; rather, it is a memorandum made for the trial court and clerk's convenience."). In fact, Davila suggests that other evidence—such as Lincoln's affidavit—demonstrated that Easy Way was served with process. Therefore, we find the trial court's docket sheet was not controlling on a material issue dipositive of the case, and any error in excluding it would not be reversible. *See* TEX. R. APP. P. 44.1(a); *Gee*, 765 S.W.2d at 396.

Similarly, although Davila asserts that the trial court erred by admitting Randman's affidavit, he has not explained how this alleged error harmed him or how its admission caused the rendition of an improper judgment. *See Tex. Dep't of Transp*, 35 S.W.3d at 619; *see also* TEX. R. APP. P. 38.1(i), 44.1(a). We overrule his second issue.

## VI.    MOTION FOR NEW TRIAL

By his last issue, Davila argues that the trial court abused its discretion by denying his motion for new trial, and the extent of his argument is as follows: "Davila was entitled to a new trial. The reasons for such entitlement have been briefed herein above in Sections, B, C, and D." We review a trial court's denial of a motion for new trial for an abuse of discretion. *See In re R.R.*, 209 S.W.3d 112, 114 (Tex. 2006). Davila raised these same complaints on appeal in the preceding issues, and we have overruled each complaint. Accordingly, we conclude that the trial court did not abuse its discretion by denying Davila's motion for new trial, and we overrule his fourth issue.

## VII.  CONCLUSION

We affirm the trial court's judgment.

JAIME TIJERINA
Justice

Delivered and filed on the
21st day of July, 2022.